345 So.2d 740 (1977)
The STATE of Florida, Appellant,
v.
Manuel Francisco ALONSO, a/k/a Manuel Alonzo, Appellee.
The STATE of Florida, Appellant,
v.
Luis Bulas BARQUET et al., Appellees.
Nos. 76-763, 76-1649.
District Court of Appeal of Florida, Third District.
March 29, 1977.
Rehearing Denied May 4, 1977.
Richard E. Gerstein, State's Atty., and Alan E. Krueger and George Volsky, Asst. State's Attys., for appellant.
Bierman, Sonnett, Beiley, Shohat & Osman, Black & Denaro, Miami, for appellees.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
Both of these appeals ultimately question the correctness of the orders of two trial judges, in effect holding that in order to be convicted of the crime of involuntary sexual battery pursuant to Section 794.011, Florida Statutes (1975) it is necessary that a defendant be charged with intent to attain sexual gratification and, necessarily, to be convicted thereof evidence would have to be introduced supporting such a charge.
In Case No. 76-763, the State of Florida appeals from an order dismissing Count I of the Information charging the defendant, Alonso, with the commission of sexual battery *741 in violation of Section 794.011, Florida Statutes (1975). In Case No. 76-1649, the State appeals from an order dismissing Counts I through IV of the Information against Barquet and West, charging them with sexual battery.
In Count I of the Information,[1] Alonso was charged with having committed sexual battery in violation of Section 794.011, Florida Statutes (1975), in that Alonso falsely held himself out to be a duly licensed physician and performed a procedure to terminate the pregnancy of a fourteen-year-old girl, resulting in serious personal injury to her, for a fee of $100.00 or more. The State alleged that the object used to accomplish vaginal penetration was a surgical instrument; that the victim was over the age of eleven years; that Alonso used actual physical force, likely to cause serious personal injury; and that Alonso, without the victim's intelligent knowing and voluntary consent, administered to the victim a narcotic anesthetic and other intoxicating substance which physically and mentally incapacitated the victim. Upon the defendant's motion to dismiss, the court entered an order dismissing Count I on the ground that the Information failed to state an offense of sexual battery under Section 794.011, Florida Statutes (1975).
In Case No. 76-1649, the State charged[2] Barquet with four counts of sexual battery, and charged West with aiding and abetting Barquet in the commission of each sexual battery. It was alleged that Barquet penetrated the vagina of the victim named; that he did so with a surgical instrument, and that he did so without the intelligent knowing and voluntary consent of the victim. The trial judge in this cause indicated that because the Information charged in the words of the statute, he was going to hold it charged a crime. However, by stipulation of counsel, the motion was treated as a sworn motion to dismiss with a stipulated set of facts, so that the trial court could rule on the law as it applied to the undisputed facts of the case. On that basis, the court withdrew its prior ruling.
On August 6, 1976, the trial court entered a written order dismissing each of the four counts. The court ruled that: (1) the sexual battery statute requires a showing that some degree of sexual gratification must attend the act of vaginal penetration; (2) the charge does not lie where the offense is perpetrated through fraud in the inducement; and (3) the statute is not applicable to acts of penetration perpetrated by unlicensed persons falsely holding themselves out as duly licensed medical doctors, because the statute exempts acts done for bond fide medical purposes.
The only ground we are interested in, because of our ultimate holding in this opinion, is ground 1 of the judge's order. We affirm the actions of the trial judges in the entry of the orders here under review. Section 794.011, Florida Statutes (1975) was enacted in 1974 by the Legislature, to replace Florida's previous rape statutes. At common law, there was no rape unless unlawful intercourse was engaged in without the woman's consent. R. Perkins, Criminal Law, 152 (2nd ed. 1969). Rape being a felony, it was a crime malum in se, requiring the specific intent on the part of an accused to penetrate the vaginal opening with his sexual organ.
Florida's former rape statute, Section 794.01, Florida Statutes (1973), though derogating the common law, did not eliminate the requirement of a specific intent to penetrate the oral, anal, or vaginal orifices with the penis. The Supreme Court of Florida, in an opinion holding constitutional the application of this statute to nonconsensual anal intercourse with a male, cited the following definitive language with approval:
"`Our research reveals that sodomy has been held to include forcible carnal knowledge of the victim. * * * Carnal knowledge includes sexual intercourse, *742 but that is not all that carnal knowledge includes. Sodomy may not be committed without experiencing carnal knowledge of the victim. * * * The word "carnal" is derived from the Latin word meaning flesh. The Webster's Collegiate Dictionary defines it variously as fleshly; sensual; related to the body as the manifestation of man's lower nature; implies connection with flesh; implies habitual indulgence in sensations and desires having a physical origin. The word pertains to the body, its passions and its appetites. Carnal pertains to the body and includes carnal knowledge of the body of another person by either natural or unnatural copulation. * * * Carnal knowledge includes more than sexual intercourse. It extends to the gratification of animal appetites or lusts upon the body of another. * * * It means bodily connections. * * *
* * * * * *
"`In our view, the body and mind of a victim of a forcible sexual assault is no less outraged because the penetration by the assailant occurred in the anal orifice  as in the instant case  of in the oral orifice  * * *  rather than in the vaginal orifice. In either case, it is a gross invasion of the privacy of one's body which cannot be tolerated by a civilized society.

"`* * * Accordingly, we hold that any forcible penetration by a man's sexual organ into any bodily orifice of another against the latter's will constitutes forcible carnal knowledge of the victim and upon conviction thereof is punishable under Section 794.01, Florida Statutes, F.S.A.
"`Moreover, we hold that males are entitled to the same protection from degrading ravishment and sexual assaults, regardless of the orifice involved, as are females. It is no longer consonant with constitutional principles of equal protection to continue a criminal sanction against sexual assaults on females and not provide the same criminal sanction where such assaults are made on males.'" [emphasis added] Washington v. State, 302 So.2d 401, (Fla. 1974), quoting Brinson v. State, 278 So.2d 317 (Fla. 1st D.C.A. 1973).
Although the rape statute has been replaced with the sexual battery law, this quoted language elucidates the policies underpinning Section 794.011, Florida Statutes (1975). The Involuntary Sexual Battery Law is the "criminal sanction against sexual assaults". It differs from the former rape statute only insofar as it protects all aspects of sexual privacy. The new statute recognizes that not only should males as well as females be afforded protection against nonconsensual invasions of sexual privacy, but that such invasions may occur by objects other than a penis.
The fundamental protection afforded by the Involuntary Sexual Battery Law is against invasion of sexual privacy. The root of the word "sexual", "sex", is defined as:
"1. Either of two divisions of organisms distinguished respectively as male or female.
2. The sum of the structural, functional, and behavioral peculiarities of living beings that subserve reproduction by two interacting parents and distinguish males and females.
3. Sexually motivated phenomena or behavior." Webster's Seventh New Collegiate Dictionary, 795 (1967).
"The distinctive quality which differentiates between male and female."
Taber's Cyclopedic Medical Dictionary, S-30 (10th ed. 1965).
"The sum of the peculiarities of structure and function that distinguish a male from a female organism; the character of being male or female." Black's Law Dictionary, 1541 (4th rev. ed. 1968).
An examination of these medical, legal, and lay authorities indicates "sexual privacy" refers to the right to be let alone in those areas based upon distinctions of the male and female human being.
To construe the Involuntary Sexual Battery Law as requiring less than an intent by the actor to attain sexual arousal or gratification *743 ignores the plain meaning of the words of the statute. Primarily, the statute is concerned with criminal sexual conduct and invasions of sexual privacy. The Involuntary Sexual Battery Law broadens the previously limited scope of included sexual conduct, yet the actions must arise from the connection of the sexual reproductive organs and the psychosexual motivation and orientation of the actor. Though, under the new statute, use of the actor's sexual organ in the assault is not a necessary element, the psychosexual motivational connection must be present or the intent or the mens rea is lacking. Moreover, if this element was abolished, innocent conduct not intended by the Legislature to be included would be made criminal.
That abortions and other termination of pregnancy procedures lack the requisite intent by the action is exceedingly clear. The State of Florida does not contend that the accused in this case acted so as to obtain sexual arousal or gratification for themselves, using the alleged medical procedures as subterfuges such a goal. Rather, it is contended that the accused lacked proper licensure to engage in the practice of medicine and nursing. There is a complete absence of contentions tending to show an invasion of any alleged victim's sexual privacy, within the scope of Section 794.011, Florida Statutes (1975).
Therefore, the orders under review be and they are hereby affirmed.
Affirmed.
HUBBART, Judge (concurring).
I concur in the court's able opinion in this case and would add a few additional comments. By its decision, the court has held that an essential element of the crime of sexual battery under Section 794.011, Florida Statutes (1975), is a criminal intent to obtain sexual gratification, which element the state must allege and prove. I would make this perfectly clear for the future guidance of the bench and bar in prosecutions of this nature.
The statute, including its very title, is pervasive with terms which show an unmistakable legislative purpose to protect people against sexual, not non-sexual attacks.[1] As *744 the court's opinion makes clear, it extends the former crime of rape to more broadly protect people in their sexual privacy and imposes severe penalties for an invasion thereof. The statute, however, does not in plain and unmistakable terms so radically change the crime of rape as to do away with its sexual underpinnings and convert the same into a non-sexual attack in which a criminal sexual intent is irrelevant. If the legislature intended such a result, as urged by the state, it certainly did not do so under the plain terms of the statute.
The Florida Supreme Court in Watson v. Stone, 148 Fla. 516, 4 So.2d 700 (1941), states the controlling law in interpreting this statute:
"Penal laws should be strictly construed... . In the construction of penal statutes, if there is any doubt as to its meaning, the Court should resolve the doubt in favor of the citizen. Any doubt or ambiguity in the provisions of criminal statutes are to be construed in favor of the citizen, life and liberty. Statutes prescribing punishment and penalties should not be extended further than their terms reasonably justify. If doubt exists as to the construction of a penal statute, it is the duty of the court to resolve such doubt in favor of the citizen and against the state. Accused must be plainly and unmistakably within the criminal statute to justify conviction." Id. at 701 [citations omitted]
A strict construction of the sexual battery statute clearly compels the conclusion that non-sexual attacks fail to plainly and unmistakably come within the ambit of the statute. Resolving all doubts in favor of the accused, a criminal intent to obtain sexual gratification is implicit in the statute.
This conclusion is further supported by a well-settled canon of statutory construction that the courts should not construe a statute to reach an absurd and unreasonable result. Johnson v. State, 91 So.2d 185, 191 (Fla. 1956); State v. Babun, 233 So.2d 171 (Fla. 3d DCA 1970). To accept the state's contention that the statute covers any unprivileged penetration of the vaginal or anal cavities with any object, would mean that good-natured horseplay in which a person penetrates the anal cavity of another with a finger or other object would be a sexual battery. A scuffle in which a person's vaginal or anal cavity was penetrated with a finger or other object would also be a sexual battery. And an abortion induced by fraud would be a sexual battery.
In my view, these results are unreasonable, if not absurd under the plain terms of the statute. I cannot believe that the legislature intended to proscribe such acts under this statute, particularly with its severe penalties. It seems clear that these acts do not come within the ambit of the statute unless they are accompanied by a requisite sexual intent.
*745 I, therefore, join in the opinion and judgment of the court affirming the dismissal of the sexual battery counts in the informations herein.
NOTES
[1] The Information also charged the defendant, Alonso, with: One count of unlawful practice of medicine and one count of grand larceny by false pretenses.
[2] The Information also charged the defendants with unlawful practice of nursing and medicine, unlawful termination of pregnancy, and grand larceny by false pretenses.
[1] 794.011 Sexual Battery. 

(1) Definitions:
(a) "Offender" means a person accused of a sexual offense.
(b) "Mentally defective" means that a person suffers from a mental disease or defect which renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.
(c) "Mentally incapacitated" means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent or due to any other act committed upon that person without his or her consent.
(d) "Physically helpless" means that a person is unconscious, asleep, or for any other reason is physically unable to communicate unwillingness to an act.
(e) "Serious personal injury" means great bodily harm or pain, permanent disability, or permanent disfigurement.
(f) "Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery shall not include acts done for bond fide medical purposes.
(g) "Victim" means the person alleging to have been the object of a sexual offense.
(h) "Consent" means intelligent, knowing, and voluntary consent and shall not be construed to include coerced submission.
(2) A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person 11 years of age or younger in an attempt to commit sexual battery upon said person commits a capital felony punishable as provided in §§ 775.082 and 921.141. If the offender is under the age of 18, that person shall be guilty of a life felony, punishable as provided in § 775.082, § 775.083, or § 775.084.
(3) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a life felony, punishable as provided in § 775.082, § 775.083, or § 775.084.
(4) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, under any of the following circumstances shall be guilty of a felony of the first degree, punishable as provided in § 775.082, § 775.083, or § 775.084:
(a) When the victim is physically helpless to resist.
(b) When the offender coerces the victim to submit by threatening to use force or violence likely to cause serious personal injury on the victim, and the victim reasonably believes that the offender has the present ability to execute these threats.
(c) When the offender coerces the victim to submit by threatening to retaliate against the victim, or any other person, and the victim reasonably believes that the offender has the ability to execute these threats in the future. "Retaliation," as used in this section, includes, but is not limited to, threats of future physical punishment, kidnapping, false imprisonment or forcible confinement, or extortion.
(d) When the offender, without the prior knowledge or consent of the victim, administers or has knowledge of someone else administering to the victim any narcotic, anesthetic, or other intoxicating substance which mentally or physically incapacitates the victim.
(e) When the victim is older than 11 but less than 18 years of age and the offender is in a position of familial, custodial, or official authority over the victim and uses this authority to coerce the victim to submit.
(f) When the victim is mentally defective and the offender has reason to believe this or has actual knowledge of this fact.
(5) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses physical force and violence not likely to cause serious personal injury shall be guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084. Section 794.011 Florida Statutes (1975). [Emphasis supplied].