351 So.2d 702 (1977)
Rocco J. SURACE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 49965, 50485.
Supreme Court of Florida.
June 23, 1977.
Rehearing Denied November 28, 1977.
Mark King Leban, Sp. Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
ADKINS, Justice.
These are consolidated appeals, one of which is from a judgment convicting defendant of first degree murder, involuntary sexual battery, and kidnapping, resulting in a sentence of death and concurrent sentences of life imprisonment. We have jurisdiction of this appeal.
The other appeal is from an order of the trial court denying defendant's motion to set aside the imposition of the sentences pursuant to Fla.R.Crim.P. 3.850. This appeal was transferred to us by the District Court of Appeal.
The defendant, after withdrawing pleas of not guilty, entered pleas of guilty in all charges and was adjudged guilty. His waiver of the penalty hearing over the objection of the state attorney was refused by the trial judge. The jury recommended the death penalty. The sentences were then imposed.
Defendant, through counsel other than trial counsel, then filed a motion to vacate the sentences and the withdrawal of the guilty pleas on the ground that the pleas were induced by a commitment of the trial judge which was communicated to him by his court-appointed counsel. The motion was bolstered by written statements of trial counsel. The record is sufficient to bring this case squarely within the rule pronounced by this Court in Costello v. State, 260 So.2d 198 (Fla. 1972).
The pleas were based on a failure of communication or misunderstanding of the facts. In the colloquy preceding the plea the defendant was not asked if any promises were made to him. The defendant has established to our satisfaction that he was prejudiced by an honest misunderstanding which contaminated the voluntariness of the pleas.
The judgments and sentences are reversed and the cause is remanded to the trial judge with instructions to grant the motion for withdrawal of the guilty pleas and proceed to trial.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.