370 So.2d 1184 (1979)
STATE of Florida, Appellant,
v.
Harry J. AIKEN, Appellee.
STATE of Florida, Appellant,
v.
Fred DAVIS, Appellee.
Nos. 77-2444, 77-2453.
District Court of Appeal of Florida, Fourth District.
March 28, 1979.
David H. Bludworth, State's Atty., Jolen Rawls and James R. Wolf, Asst. State's Attys., West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, Basil S. Diamond and Charles W. Musgrove, Asst. Attys. Gen., co-counsel for appellant.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellee.
Janet Reno, State's Atty., and Alan E. Krueger, Miami, for amicus curiae.
BERANEK, Judge.
This is a consolidated appeal involving two criminal cases in which the defendants/appellees are charged with the crime of sexual battery under Florida Statute 794.011(3). In both cases the trial court dismissed the informations because there was no allegation that the defendant harbored a criminal intent to obtain sexual gratification in committing the sexual battery. The State appeals and we reverse.
In the case of State v. Aiken, Count II of the information alleges that defendant:
"On the 17th day of March, 1977 in the County of Palm Beach and State of Florida, did commit sexual battery upon Annie Grace Walker, a person over the age of eleven (11) years, without her consent, to-wit, by oral, anal and vaginal sex and in the process thereof did use or threaten to use a deadly weapon, to wit: knife, razor, or other sharp instrument or did threaten to use actual physical force likely to cause serious person injury, contrary to Florida Statute 794.011(3) ..."
In the case of State v. Davis, Count I alleged that:
"In the County of Palm Beach and State of Florida, on the 13th day of February, in the year of our Lord, one thousand nine hundred and seventy seven in the County and State aforesaid, Fred Davis did commit sexual battery upon Gigi Pinder, a person over the age of eleven (11) years, without her consent, to-wit: sexual intercourse and in the process thereof did use or threaten to use a deadly weapon, to-wit: a gun, and did use physical force, to-wit: striking Gigi Pinder on head with a gun, likely to cause serious personal injury, contrary to Florida Statute 794.011(3), ..."
In the Davis case defendant was also charged in Count II of the information as follows:
"On the 13th day of February, 1977 in the County of Palm Beach and State of Florida, did commit sexual battery upon Gigi Pinder, a person over the age of *1185 eleven (11) years, without her consent, to-wit: sexual intercourse and in the process thereof did use or threatened to use deadly weapons, to-wit: an axe, pitchfork, and did use actual physical force, to-wit: hitting Gigi Pinder in the face with fist, cutting said person with pitchfork, and swinging an axe, likely to cause serious personal injury, contrary to Florida Statute 794.011(3), ..."
In both cases defendants moved to dismiss the information because of the absence of any specific allegation regarding sexual gratification. Both of these motions were based upon the case of State v. Alonso, 345 So.2d 740 (Fla. 3d DCA 1977), cert. denied without opinion, 352 So.2d 174 (Fla. 1977). The trial court granted both motions to dismiss based on the Alonso holding that a desire for sexual gratification is an essential element of a sexual battery. We disagree with the opinion of the Third District Court in State v. Alonso, supra, and with the subsequent case of Hendricks v. State, 360 So.2d 1119 (Fla. 3d DCA 1978), which limits Alonso.
The statute in question is F.S. § 794.011, entitled, "Sexual Battery." It replaces prior statutes dealing with the crime traditionally known as rape. The prior rape statute was F.S. § 794.01 which was based on the common law definition of "carnal knowledge." It is from this common law concept that sexual gratification became an important aspect of the crime and the development of the elements thereof.
Under the present statute sexual battery is a considerably broader crime than rape. Sexual battery is specifically defined as follows:
"(f) `Sexual battery' means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery shall not include acts done for bona fide medical purposes."
The specific subsection of the statute under which the defendants herein were charged is as follows:
"(3) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."
Our review of the Alonso and Hendricks cases and of the prior decisions construing the rape statute convinces us that a desire for sexual gratification is not a necessary element to the crimes charged in these consolidated cases. Here we are dealing with sexual batteries alleged to have been committed by males upon females with the male's sexual organ. No foreign objects are involved. We, therefore, do not consider the question of intent to gain sexual gratification where the actor used a foreign object. It is simply our decision that a desire for sexual gratification is not a necessary element to a sexual battery as charged here. Chapter 794 of the Florida Statutes shows a clear intent to protect an individual's sexual privacy from violence. The Florida Legislature is clearly within its legislative prerogative in making criminal the particular conduct involved here.
In the defendant's arguments it is asserted that the traditional common law definitions of rape must form the basis for the present sexual battery statute. It is urged that this historical basis supports the approach of the Third District Court of Appeal in Alonso and Hendricks, supra. Hendricks holds it to be unnecessary to allege the element of sexual gratification only because it is presumed from the act itself. Apparently, it remains a necessary element even if proof and allegations are unnecessary. We do not agree. Instead, we believe the Legislature must be presumed to legislate with an eye on today's known facts and experience. Hopefully, the present sexual battery statute is more progressive and the result of more information rather than based solely upon an historical perspective.[1] Chapter 794 proscribing sexual *1186 battery says nothing whatsoever about a desire for sexual gratification and we see nothing improper in this approach. We hold that such a desire is not an element of the offenses charged here and the trial court, therefore, erred in granting the motions to dismiss. The orders in question are reversed and the case is remanded to the trial court for further proceedings consistent herewith.
REVERSED AND REMANDED.
DOWNEY, C.J., concurs.
DAUKSCH, J., concurs specially with opinion.
DAUKSCH, Judge, concurring specially:
While I agree with the majority opinion I see no reason to refuse to "consider the question of intent to gain sexual gratification where the actor used a foreign object" and otherwise restrict the opinion to use a male sexual organ against a female. To explicitly restrict the opinion invites appellate litigation which will without doubt result in the same interpretation of the statute with the slightly different facts.
The question on appeal, it seems to me, is not strictly limited to the requirement to plead and prove intent to gain sexual gratification when only the penis is used by the attacker. The question is whether the sexual battery statute is violated when a sexual attack is made regardless of any sexual gratification motives provided the battery falls within the statutory definition set out below. There is no question in my mind the legislature meant to and did proscribe a crime of violence when it enacted this statute and made this battery a more serious crime because sexual organs are involved. In the vast majority of cases, if not all cases, a bare assault Section 784.011, Florida Statutes (1977) or simple battery Section 784.03, Florida Statutes (1977) are less injurious than the sexual violence which the statute does not limit to those acts mentioned in the majority opinion.
It is my suggestion we step out and say sexual gratification is not a required element of proof in any sexual battery. Sexual battery is defined in the statute as:
"Sexual battery" means oral, anal or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery shall not include acts done for bona fide medical purposes.
While it is not necessary to set out and I cannot imagine all the possible ways the statute can be violated I suggest it is within common knowledge various acts which have been perpetrated upon victims and which are violations of the statute. The use of foreign objects (objects other than the actor's sexual organ) against or into the victim's sexual organ or anus is clearly proscribed by the statute. I disagree with the statement in Hendricks v. State, 360 So.2d 1119 (Fla. 3d DCA 1978) "... when an object other than the actor's sexual organ is brought into union with the victim a question of intent to derive sexual gratification comes into play and becomes a necessary element of the crime." In my opinion the statute is specific in its deletion of that supposedly required element. It is apt now to say sexual battery is a crime of violence and not a crime of sex. The victim can easily be a man as well as a woman and the perpetrator a woman as well as a man and the tool other than the penis and the target *1187 not just the vagina. The statute, Section 794, Florida Statutes (1977) is broader than its predecessor, the forcible rape statute, and meant to be broader and I think the question before us should be answered in its broad sense. I disagree with Hendricks v. State, supra, and with Alonso v. State, 345 So.2d 740 (Fla. 3d DCA 1977) and with the argument in the concurring opinion in Alonso that good-natured horseplay may be interpreted as a sexual assault and thus expose the actor to undeserved prosecution. I suggest good-natured horseplay has resulted in all kinds of batteries and assaults, if misinterpreted, but Pandora's Box of prosecution is yet to be opened on those "batteries." In horseplay there is oft-times an implied consent and usually a defensive response from the "attacked" person, either of which without the horseplay aspect, could be a statutory violation. The defense to a criminal allegation in those cases is so obvious that the charge is rarely brought, but if brought, defeated.
It is my view we should hold that proof of sexual gratification is not required under the statute. The only difference between this statute and other battery statutes, is the battery is done to or with a sexual organ or the anus, in this statute and such is not required in the others.
This is a question of proof of general criminal intent, animus felonico, which should only be required without consideration of what perverted pleasure the attacker may be seeking, sexual violence or sexual gratification with the understanding either might be the result of the sexual battery. If a defense of "horseplay" or accident is proffered then the state will be required to meet that defense, just as it would when an accused in a non-sexual battery case makes that defense.
I concur with the majority opinion, with my added reasons, and so far as it goes. I suggest it should have gone further and answer the entire question.
NOTES
[1] We do not believe the Legislature's failure to include a desire for sexual gratification as an element of the offense in question was a mistake, or an oversight. Instead, it is more likely the result of extensive modern sociological studies which are uniformly of the opinion that sexual assaults are motivated by rage, aggression and pure violent motivations rather than by the desire for sexual gratification. See Browniller, Susan, Against Our Will; Women and Rape, Simon and Schuster, N.Y. 1975; Brodshy, Stanley L., Walker, Marcia J., Sexual Assault, ch. The Rapist in Treatment; Professional Myths and Psychological Realities, Lexington Brooks, D.C. Heath & Co., Lexington, Mass., 1976; Amir, M., Patterns in Forcible Rape, U. of Chicago Press, 1971. Groth and Burgess, Rape A Sexual Deviation, Am.J. Orthopsychiatry 400 (1977). C. Horos, Rape, pp. 11 and 17, Today Publishing Co., Inc., New Canon, Conn. 1974. Groth, Burgess and Holmstrom, "Rape: Power, Anger and Sexuality," American Journal of Psychiatry 134:11:1239, 1240 (November, 1977) and Groth and Burgess, "Sexual Dysfunction During Rape," New England Journal of Medicine, 297:14:764 (October, 1977); Sexual Assault Services (a manual) Flakne, G.W., Hennepin County Attorney.