378 So.2d 895 (1980)
Rocco James SURACE, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-2292.
District Court of Appeal of Florida, Third District.
January 8, 1980.
*896 Bennett H. Brummer, Public Defender, and Richard J. Menin, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Steven L. Bolotin, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and HENDRY and Schwartz, JJ.
HENDRY, Judge.
By this appeal we review the question of whether under the crime of involuntary sexual battery pursuant to Section 794.011, Florida Statutes (1975),[1] it constitutes reversible error for the trial court to have declined to give the requested instruction on the element of intent to attain sexual gratification.
In 1976 this appellant/defendant and a codefendant were indicted by the grand jury on the charges of first degree murder, kidnapping and involuntary sexual battery;[2] both defendants entered pleas of guilty to the crimes, and were subsequently sentenced to death. However, the Supreme Court of Florida later reversed the trial court's denial of the post-trial motion to vacate the sentence pursuant to Rule 3.850, Fla.R.Crim.P., on other grounds, and the defendants were returned for a new trial. Thereafter this appellant/defendant entered a plea of not guilty, was tried by a jury, convicted of second degree murder, false imprisonment and involuntary sexual battery, and sentenced to two ninety-nine year terms and one five year term in state prison, to be served consecutively.
Appellant's argument on appeal is grounded on the authority of the holding in State v. Alonso, 345 So.2d 740 (Fla. 3d DCA 1977), cert. den., 352 So.2d 174 (Fla. 1977), standing for the proposition that the intent to attain sexual gratification is an essential element of the crime of sexual battery and must be alleged and proved. Under the facts of this case, we cannot agree with appellant's interpretation of the effect of the holding in Alonso, supra.  which involved the performance of abortions by unlicensed persons falsely holding themselves out as medical doctors. This court determined that the informations under the law were properly dismissed by the trial court where the defendants were charged with sexual battery and the allegation was that the defendants penetrated the vaginas of the victims with surgical instruments in a procedure to terminate their pregnancies, and there were no allegations or proof of intent to attain sexual gratification. Cf. Hendricks v. State, 360 So.2d 1119 (Fla. 3d DCA 1978), cert. den., 366 So.2d 881 (Fla. 1979), which held that where the actor's sexual organ is involved in the penetration, there can be no question that the act itself infers a criminal intent requiring no specific intent other than that evidenced by the doing of the acts constituting the offense, thus, the intent of the actor to attain sexual gratification is not an element of the crime which must be alleged and proved.
*897 In the Alonso decision the court specifically pointed out that, pursuant to the prevailing statute: (1) although the use of the actor's sexual organ in the assault is not a necessary element, the action must still arise from the connection of the sexual reproductive organs and the psychosexual motivation and orientation of the action, and if the psychosexual motivation is not present, the mens rea is lacking; (2) the current statute, which replaced the rape statute, protects all aspects of sexual privacy; (3) the court's examination of the medical, legal, and lay authorities indicated that "sexual privacy" refers "to the right to be let alone in those areas based upon distinctions of the male and female human body"; (4) under the facts, there was a complete absence of contentions tending to show an invasion of any victim's sexual privacy within the scope of the statute; and (5) that the statute, including its very title, is pervaded with terms which show an unmistakable legislative purpose to protect people against sexual, not non-sexual, attacks  that is, the court clearly endeavors to maintain a definite distinction between "horseplay" (innocent conduct not reasonably intended by the Legislature to be included within the purview of the statute) and sexually-oriented, nonconsensual invasion of another's intimate body orifices.
Under the facts of the cause sub judice (which can easily be distinguished from those of Hendricks, supra., where the actor executed the battery by use of his sexual organ, rather than, as is the circumstance in the case under review, a foreign object), we find it incumbent upon us to give a full explanation of our rationale in distinguishing our holding from that of Alonso. Not only are there diametrically different contentions made regarding the showing of any "invasion of the victim's sexual privacy," as reflected in the respective records, but the motivation of the defendants in Alonso was manifestly shown to be that of monetary remuneration for the acts performed (abortions); whereas, in the in the instant case the record reveals that the circumstance which resulted in the victim's beating/torture death was initially triggered by anger on the part of the defendants. The defendants admitted that their individual reactions to feelings of rage and hostility toward the victim caused each to seek release by way of beating and abusing the women in the most callous, savage manner. The detailed account of the happenings given by the appellant/defendant, as corroborated by the other defendant and a witness, is replete with recitations of unceasing, continuously brutal, sexually-oriented acts of violent debasement and humiliation against the victim, under the threat of death. The actors proceeded, with unremitting concentration, to attack particularly those parts of the victim's body associated with the areas defined by the medical, legal, and lay authorities as those to which a person has the assumedly volitional "right to be let alone" and delineated as those areas characterized as the "distinctions of the male and female human body." See discussion in Alonso at page 742. The entire ambiance surrounding the defendants' actions was created by psychosexual motivations as evidenced by the facts that each of the male defendants had a woman with him, all four persons shared one motel room, and that at least the males engaged in the use of alcohol and barbiturates prior to and at the time of the beating. The record reflects that by the very nature of the series of events that transpired among these people, the interwoven aspects of sexual orientation and motivation to violence were evident and pervasive.
We conclude that in light of the facts, which represent such extreme sadistic, sexually-violent criminal behavior, we cannot find that the trial court committed reversible error in failing to give the requested instruction. The strict holding of Alonso is not applicable to the instant cause inasmuch as the evidence contained in the record before us in effect mandates that the inference could readily have been drawn by the jury that the defendant's intent encompassed sexual gratification  notwithstanding the fact that the multiple batteries were executed with foreign objects rather than with the penis, as in Hendricks (where *898 the intent was found to be clearly inferred). Further support for our reasoning is found in State v. Aiken, 370 So.2d 1184 (Fla. 4th DCA 1979),[3] where the court in disagreeing with the underlying premise espoused in both Alonso and Hendricks, states at pages 1185 and 1186:
"[W]e believe the Legislature must be presumed to legislate with an eye on today's known facts and experience. Hopefully, the present sexual battery statute is more progressive and the result of more information rather than based solely upon an historical perspective.[1] (stating in the footnote: `We do not believe the Legislature's failure to include a desire for sexual gratification as an element of the offense in question was a mistake, or an oversight. Instead, it is more likely the result of extensive modern sociological studies which are uniformly of the opinion that sexual assaults are motivated by rage, aggression and pure violent motivations rather than by the desire for sexual gratification ...') Chapter 794 proscribing sexual battery says nothing whatsoever about a desire for sexual gratification and we see nothing improper in this approach."
In the specially concurring opinion in Aiken, supra., it is stated that the only difference between the subject statute and other battery statutes is the battery is done to or with a sexual organ, and that the question of proof of general criminal intent, animus felonico, only, should be required without consideration of what perverted pleasure the attacker may be seeking  sexual violence or sexual gratification  with the understanding that either might be the result of the sexual battery.
The other points raised by appellant have been found to be without merit; as to the major point, we affirm on the basis that the appellant herein has failed to demonstrate that the trial court erred in failing to give an instruction on intent to attain sexual gratification.
Affirmed.
SCHWARTZ, Judge (specially concurring).
The effect of Judge Hendry's opinion is to confine to the facts of State v. Alonso[1] itself the supposed requirement that there be a "criminal intent to attain sexual gratification" in order to establish a violation of Sec. 794.011, Fla. Stat. (1977). I agree with this result, but would accomplish it by straightforwardly receding from the language in both Alonso and Hendricks v. State[2]  which is essentially dicta  that such an intent is an element of the crime of sexual battery. An analysis of the Alonso opinion reveals that the gratification element was adopted as a means of articulating and rationalizing the holding that the criminal activity charged in that case, operations performed by persons who falsely represented themselves as licensed physicians, was not subject to the statute. While I think that conclusion was entirely correct,[3] I believe that it should have been based solely upon the ground that such conduct does not involve an invasion of the "sexual privacy" of the victim. See State v. Aiken, 370 So.2d 1184 (Fla. 4th DCA 1979).[4] Plainly, the fact that each of the operations involved in Alonso was an abortion, the site of which was therefore the sexual organ of the patient rather than another part of the body, was entirely fortuitous and immaterial to the gravamen of *899 the offense allegedly committed by the defendant.
In my judgment, the gratification element stated in Alonso and Hendricks unjustifiably focuses upon the often-impenetrable motivations of the offender, rather than upon the rights and interests of the victim which, as its legislative history shows, the sexual battery statute is specifically designed to protect. For the reasons stated in both the majority and the specially concurring opinions in State v. Aiken, supra, I therefore would hold that the attainment of sexual gratification is not an element of the crime in question, and that a violation of the sexual battery statute occurs whenever, as in this case, there is an intentional, non-consensual intrusion into the sexual privacy of another.
NOTES
[1] Under Florida's statute, sexual battery has been defined as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery shall not include acts done for bona fide medical purposes."
[2] The record reveals that the battery was accomplished by the use of a chair leg and a billy club, which resulted in perforation of the uterus and rupture of the small intestines, the primary causes of the victim's death.
[3] The court held that sexual battery by penetration with the male sexual organ was clearly proscribed by the statute, and proof of intent was not necessary. However, the court went further in discussing its interpretation of the Legislature's intent in promulgating the subject statute, which replaced the former rape statute, § 794.01.
[1] 345 So.2d 740 (Fla. 3d DCA 1977), cert. denied, 352 So.2d 174 (Fla. 1977).
[2] 360 So.2d 1119 (Fla. 3d DCA 1978), cert. denied, 366 So.2d 881 (Fla. 1979).
[3] The writer was the trial judge in one of the cases involved in Alonso, as well as in the Hendricks case.
[4] The Alonso opinion itself contains extensive references to this test.