390 So.2d 1186 (1980)
Harry J. AIKEN et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 56671.
Supreme Court of Florida.
November 26, 1980.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Chief Asst. Public Defender, West Palm Beach, for petitioners.
Jim Smith, Atty. Gen., and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for respondent.
ADKINS, Justice.
By petition for certiorari we have for review a decision of the Fourth District Court of Appeal, State v. Aiken, 370 So.2d 1184 (Fla. 4th DCA 1979), which conflicts with a prior decision of another district court of appeal on the same point of law. State v. Alonso, 345 So.2d 740 (Fla. 3d DCA 1977). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution (1972).
This appeal involves two criminal cases in which the defendants/appellants are charged with the crime of sexual battery, proscribed by section 794.011, Florida Statutes (1977). The trial court dismissed the informations in both cases because they contained no allegation of criminal intent to obtain sexual gratification.
The only issue before us is whether the sexual battery statute is violated when a sexual attack is made, regardless of any sexual gratification motives, provided the battery falls within the statutory definition set out below.
"Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery shall not include acts done for bona fide medical purposes.
Section 794.011(1)(f), Florida Statutes (1977).
Informations were filed against appellants Aiken and Davis as follows. In the *1187 case of State v. Aiken, Count II of the information alleges that defendant:
[O]n the 17th day of March 1977 in the County of Palm Beach and State of Florida, did commit sexual battery upon [A.G.W.], a person over the age of eleven (11) years, without her consent, to-wit: by oral, anal and vaginal sex and in the process thereof did use or threaten to use a deadly weapon, to-wit: knife, razor, or other sharp instrument or did threaten to use actual physical force likely to cause serious personal injury, contrary to Florida Statute 794.011(3) ...
In the case of State v. Davis, Count I alleged that:
[I]n the County of Palm Beach and State of Florida, on the 13th day of February in the year of our Lord, one thousand nine hundred and seventy seven in the County and State aforesaid, Fred Davis did commit sexual battery upon [G.P.], a person over the age of eleven (11) years, without her consent, to-wit: sexual intercourse and in the process thereof did use or threaten to use a deadly weapon, to-wit: a gun, and did use actual physical force, to-wit: striking [G.P.] on head with a gun, likely to cause serious personal injury, contrary to Florida Statute 794.011(3) ...,
Count II alleged that defendant Davis:
[O]n the 13th day of February 1977 in the County of Palm Beach and State of Florida, did commit sexual battery upon [G.P.], a person over the age of eleven (11) years, without her consent, to-wit: sexual intercourse and in the process thereof did use or threaten to use deadly weapons, to-wit: an axe, pitchfork, and did use actual physical force, to-wit: hitting [G.P.] in face with fist, cutting said person with pitchfork, and swinging an axe, likely to cause serious personal injury, contrary to Florida Statute 794.011(3) ...
Appellants filed motions to dismiss these charges because the information failed to allege intent for sexual gratification. After argument, the trial court granted appellant's motions on the authority of State v. Alonso, 345 So.2d 740 (Fla. 3d DCA 1977). The court in Alonso upheld a trial judge's conclusion that in order to be convicted of the crime of involuntary sexual battery a defendant must be charged with intent to attain sexual gratification.
In the case sub judice, the state appealed the decision of the trial court. The appeals were consolidated in the Fourth District Court of Appeal, which reversed the trial court, holding that intent for sexual gratification is not an element of sexual battery.
We agree with the decision of the Fourth District Court of Appeal. For the court, Judge Beranek wrote:
Our review of the Alonso and Hendricks [Hendricks v. State, 360 So.2d 1119 (Fla. 3d DCA 1978)] cases and of the prior decisions construing the rape statute convinces us that a desire for sexual gratification is not a necessary element to the crimes charged in these consolidated cases. Here we are dealing with sexual batteries alleged to have been committed by males upon females with the male's sexual organ. No foreign objects are involved. We, therefore, do not consider the question of intent to gain sexual gratification where the actor used a foreign object. It is simply our decision that a desire for sexual gratification is not a necessary element to a sexual battery as charged here. Chapter 794 of the Florida Statutes shows a clear intent to protect an individual's sexual privacy from violence. The Florida Legislature is clearly within its legislative prerogative in making criminal the particular conduct involved here.
Chapter 794 proscribing sexual battery says nothing... about a desire for sexual gratification and we see nothing improper in this approach.
State v. Aiken, 370 So.2d at 1185, 1186.
The decision of the Third District Court of Appeal in Alonso is overruled. The decision of the Fourth District Court of Appeal in the case sub judice is approved.
It is so ordered.
*1188 SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND, and ALDERMAN, JJ., concur.
McDONALD, J., concurs specially with an opinion, with which OVERTON, ENGLAND and ALDERMAN, JJ., concur.
McDONALD, Justice, specially concurring.
I concur with the majority opinion but also agree with the specially concurring opinion of Judge Dauksch in this cause and the specially concurring opinion of Judge Schwartz in Surace v. State, 378 So.2d 895 (Fla. 3rd DCA 1980). Like Judge Schwartz, I would go further and hold that
the attainment of sexual gratification is not an element of the crime in question, and that a violation of the sexual battery statute occurs whenever, as in this case, there is an intentional, non-consensual intrusion into the sexual privacy of another.
Id. at 899.
OVERTON, ENGLAND and ALDERMAN, JJ., concur.