PER CURIAM.
Defendant Rocco Surace appeals the trial court’s summary dismissal of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Surace received consecutive terms of imprisonment: 99 years for second degree murder, 99 years for sexual battery, and 5 years for false imprisonment. In his motion, Surace alleged that the trial court erred in retaining jurisdiction over the first third of his sentence and in imposing sentences for both second degree felony murder and the underlying felony of sexual battery.
*298 The state concedes that because Surace was sentenced prior to the effective date of section 947.16, Florida Statutes (Supp. 1978), which authorizes the trial court to retain jurisdiction over the first third of a sentence, the court’s retention of jurisdiction constituted an unconstitutional ex post facto application of the statute. State v. Williams, 397 So.2d 663 (Fla.1981). We therefore remand for the entry of an appropriate order.
We turn next to Surace’s assertion that he was erroneously sentenced for both felony murder and the underlying felony. In a recent opinion, State v. Enmund, 476 So.2d 165 (Fla.1985), the supreme court overruled State v. Hegstrom, 401 So.2d 1343 (Fla.1981), and authorized convictions and sentences for both felony murder and the underlying felony. We therefore hold that the trial court’s imposition of separate sentences for sexual battery and for second degree murder was correct.
Affirmed in part; remanded for entry of a corrected order in accordance with this opinion.