Rocco SURACE, Petitioner,

v.

Louie L. WAINWRIGHT, Secretary, Florida Department of Corrections, Respondent.

No. 85–3779–CIV–SPELLMAN.

United States District Court,
S.D. Florida,
Miami Division.

May 1, 1986.

Petitioner Rocco Surance, pro se.

Calvin Fox, Asst. Atty. Gen., Miami, Fla., for respondent.

## MEMORANDUM OPINION

### FINAL ORDER ADOPTING AND AFFIRMING REPORT OF THE UNITED STATES MAGISTRATE

SPELLMAN, District Judge.

### I

This CAUSE comes before the Court on Rocco Surace's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 attacking a conviction for second degree murder, false imprisonment, and sexual battery.

This conviction arose from the brutal slaying of a woman. The record reveals that the battery was accomplished through the use of a chair leg and billy club. The co-defendant, William Lee Thompson, inserted these objects into the woman's vagina. He then twisted and kicked them until he perforated her uterus and ruptured her small intestine. She died primarily from these internal injuries.

In 1976, this Petitioner and the co-defendant were indicted by the Grand Jury on charges of first degree murder, kidnapping, and involuntary sexual battery. Both Defendants entered pleas of guilty to the crimes, and were subsequently sentenced to death. The Supreme Court of Florida, however, reversed the trial court's denial of the post-trial Motion to Vacate the sentence pursuant to Rule 3.850 of the Florida

Rules of Criminal Procedure, and the Defendants were returned for a new trial. *Surace v. State*, 351 So.2d 702 (Fla.1977).

Thereafter, the Petitioner entered a plea of not guilty, was tried by a jury, convicted of second degree murder, false imprisonment, and involuntary sexual battery, and sentenced to two ninety-nine year terms and one five year term in state prison, to be served consecutively. The Petitioner appealed his conviction to the Third District Court of Appeals and alleged three errors:

(1) failure to give the correct jury charge on sexual gratification;

(2) failure to grant the Defendant's Motion to Suppress his in-custody statements;

(3) prosecutorial misconduct.[1]

The court affirmed the conviction. *Surace v. State*, 378 So.2d 895 (Fla. 3rd DCA 1980).

The Defendant petitioned for post-trial relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure which resulted in the trial court's summary dismissal of his Motion. Surace appealed contending that (1) the court's retaining of jurisdiction over the first third of his sentence constituted error; and (2) the court erred in imposing sentences for both second degree felony murder and the underlying felony of sexual battery.[2] The court held that because Surace was sentenced prior to the effective date of Section 947.16, Florida Statutes, the court's retention of jurisdiction constituted an *ex post facto* application of the statute and remanded for the entry of an appropriate order. The court, however, held that the trial court's imposition of separate sentences for sexual battery and for second degree murder was correct. *Surace v. State*, 476 So.2d 297 (Fla. 3rd DCA 1985).

Thereafter, Surace filed his Petition for Writ of Habeas Corpus in which he raised four contentions:

---

1. These contentions are the same as the first three attacks raised in the Petition and in the Objections.

2. This double jeopardy argument is identical to the last issue in the Petition and in the Objections.

(1) the state trial court's failure to give a proper instruction on sexual battery constituted constitutional error;

(2) the court's failure to suppress the Defendant's confession violated his constitutional rights because the statements were involuntarily induced;

(3) prosecutorial misconduct violated the Petitioner's constitutional rights;

(4) the court's sentence for both felony murder and sexual battery violates the federal double jeopardy provision. The Respondent filed a Motion to Strike the affidavit supplied by the Petitioner.

This Court referred the Cause to the United States Magistrate, the Honorable Herbert S. Shapiro, for preliminary consideration and a Report and Recommendation in accordance with 28 U.S.C. § 636(b). The case was reassigned to the United States Magistrate, the Honorable William C. Turnoff, who recommended that the Petition be denied and that the Respondent's Motion to Strike be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Petitioner filed his Objections to the Report and Recommendation. This Court, having reviewed the Magistrate's Report, the file, and the Petitioner's Objections, adopts and affirms the findings of the Magistrate in all respects.

## II

First, the Petitioner argued that the trial court violated his Fifth and Fourteenth Amendment rights by denying the Petitioner's request for jury instructions on sexual gratification which he claims is an essential element of the crime of sexual battery. This claim entails an interpretation of state law and legislative intent. When the Petitioner raised this argument on appeal, he bolstered his position with statements from the opinions, *State v. Alonso*, 345 So.2d 740 (Fla. 3rd DCA 1977) and *Hendricks v. State*, 360 So.2d 1119 (Fla. 3rd DCA 1978).

■ The Third District Court of Appeal correctly distinguished the *Surace* situation from that in *Alonso* and *Hendricks* and found no reversible error:

We conclude that in light of the facts, which represent such extreme sadistic, sexually-violent criminal behavior, we cannot find that the trial court committed reversible error in failing to give the requested instruction. The strict holding of *Alonso* is not applicable to the instant cause in as much as the evidence contained in the record before us in effect mandates that the inference could readily have been drawn by the jury that the defendant's intent encompassed sexual gratification—notwithstanding the fact that the multiple batteries were executed with foreign objects rather than with the penis, as in *Hendricks* (where the intent was found to be clearly inferred).

*Surace v. State*, 378 So.2d 895, 897–98 (Fla. 3rd DCA 1980). *See also State v. Rider*, 449 So.2d 903, 905 (Fla. 3rd DCA 1984). Since sexual gratification is not an element of such sexual battery, there has been no error, and thus, no question of constitutional magnitude.

Second, the Petitioner contended that the trial court erred in denying his Motion to Suppress because at the time of his "in-custody" statements, he was drunk, tired, and ill. These factors, he argued, rendered his confession involuntary and the admission of it unconstitutional. Quite recently, the Court in *Miller v. Fenton*, — U.S. —, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985) addressed the issue of whether the voluntariness of a confession is an issue of fact entitled to the § 2254(d) presumption. The Court, reviewing the relevant cases, concluded that the "ultimate issue of 'voluntariness' is a legal question requiring independent federal determination." *Id* 106 S.Ct. at 450. However, the Court stated: "Subsidiary factual questions, such as whether a drug has the properties of a truth serum, ... or whether in fact the police engaged in the intimidation tactics alleged by the defendant are entitled to the § 2254(d) presumption. And the federal habeas court, should, of course, give great weight to the considered conclusions of a coequal state judiciary." *Id* at 451.

In the instant case, the Defendant sought to suppress his in-custody statement made to Detective Julio Ojeda. The court conducted a full-blown hearing on the issue and found that the statement was made voluntarily. (TR 656–7, 674). Both Surace and the Detective testified at this hearing and presented radically divergent accounts of the circumstances surrounding the Defendant's statement. The Detective testified that the Defendant's eyes were clear, that his breath did not have the odor of alcohol, that the Defendant read his rights aloud, stated that he understood them, and initialed each provision of the *Miranda* rights to indicate that he understood them. (TR 634–5). The Detective also testified that the Defendant said that he needed a doctor on only one occasion, and that was during the formal recorded statement. (TR 637–8). The Defendant, according to Detective Ojeda, spoke in a "free and relaxed manner." (TR. 643). Rocco Surace's testimony, however, was so inconsistent with that of the Officer that a trier of fact would have to reasonably conclude that one or the other was simply not telling the truth. The court's determination that this confession was voluntary was derived from a sound and reasonable evaluation of the credibility of the Defendant's version as compared to that of the Detective.

In *Miller*, the Supreme Court expounded upon the sort of underlying factual issues that fall within the very scope of the § 2254(d) presumption:

[A]ssessments of credibility and demeanor are not crucial to the proper resolution of the ultimate issue of 'voluntariness.' Of course, subsidiary questions, such as the length and circumstances of the interrogation, the defendant's prior experience with the legal process, and familiarity with the *Miranda* warnings, often require the resolution of conflicting testimony of police and defendant. The law is therefore clear that state-court findings on such matters are conclusive on the habeas court if fairly supported in the record and if the other circumstances enumerated in § 2254(d) are inapplicable.

*Id.* 106 S.Ct. at 453. In addition to assessing credibility and weighing conflicting testimony, the court made several such findings of historical fact. The court found that the Petitioner had a high tolerance for beer, that he was not intoxicated at the time he gave his statement, and that the Petitioner did indeed initial each of his rights and sign the statement. This Court finds, as did the Magistrate, that under the totality of circumstances, the confession was obtained in a manner consistent with the Constitution. *See Id.*

Third, the Petitioner alleged that there was prosecutorial misconduct when, on cross-examination, the Prosecutor asked the Petitioner whether his counsel would be producing documentary evidence to support his testimony regarding his own alleged medical condition. The exchange occurred as follows:

MR. McHALE: And I assume that Mr. Menin will produce hospital records and other witnesses ...

MR. MENIN: (defense counsel): Objection, Judge, as to what I will do.

THE COURT: Sustained.

MR. McHALE: There will be other witnesses testifying to corroborate ...

MR. MENIN: Objection, Judge.

THE COURT: Sustained.

MR. McHALE: Do you have with you the records of your stay in the hospital for these injuries that you described?

MR. MENIN: Objection, Judge. Side bar.

THE COURT: Overruled.

.   .   .   .   .

MR. MENIN: I am going to object to this line of questioning. It is clearly prejudicial.

THE COURT: Denied. Mr. McHale, I am going to stop you now. You are entitled to ask him if he has the records with him.

MR. McHALE: You have no records—

DEFENDANT: No, sir, I don't.

T. 893–4, Respondent's *Appendix*. At this juncture, the Defendant's attorney moved

for a mistrial and the Court denied it. The Defendant did not move for a cautionary or curative instruction.

 This Court does not find these remarks to be so improper or that they made the trial so "fundamentally unfair" such that they warrant habeas relief. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). Furthermore, since the Defendant took the stand and testified on his own behalf at trial, this Court cannot abide by the Petitioner's contention that the cross-examination of the Defendant constituted an impermissible comment on the Defendant's constitutional right to remain silent. *See Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

Fourth, the Petitioner also presented a double jeopardy argument in his Petition and in his Objections to the Magistrate's Report and Recommendation. He insists that the Court violated his Constitutional rights by sentencing him for both second degree "felony" murder and the underlying felony of sexual battery. This Court finds the Magistrate's analysis with respect to this issue to be accurate. This question rests upon the interpretation of legislative intent. *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). In *State v. Enmund*, 476 So.2d 165 (Fla.1985), the Supreme Court of Florida overruled *State v. Hegstrom*, 401 So.2d 1343 (Fla.1981) and authorized convictions and sentences for both felony murder and the underlying felony. Thus, the Petitioner was properly convicted and sentenced.

Finally, the Magistrate recommended that the Respondent's Motion to strike the affidavit supplied by the Petitioner be Granted. This Court finds that the Magistrate's findings with respect to this affidavit describing the murder and circumstances submitted over ten years after the incident occurred which was grossly inconsistent with the statements of record to be correct.

## III

In conclusion, since no showing has been made that the Petitioner is in custody in violation of the Constitution or laws of the United States, it is hereby,

ORDERED AND ADJUDGED that the instant Petition for Habeas Corpus be DENIED with prejudice, and the Respondent's Motion to Strike is GRANTED.