DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANCISCO HENRY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1708

[November 1, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen Miller, Judge; L.T. Case No. 502010CF002071A.

Carey Haughwout, Public Defender, and Siobhan Helene Shea, Special Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Francisco Henry was charged, along with a co-defendant, of forcing four teenagers at gunpoint to surrender their personal items and involuntarily engage in multiple sexual acts with each other. He was found guilty of four counts of false imprisonment, three counts of robbery with a firearm, and seventeen counts of sexual battery with a firearm. He raises ten issues on appeal. We affirm the trial court on eight of these challenges without discussion. This opinion is limited to discussing Appellant's contentions that: (1) assuming he was at the crime scene, the trial court erred by denying his motion for judgment of acquittal because there was insufficient evidence that he performed or ordered any of the sex acts or threatened or pointed a gun at anyone, and (2) the trial court's decision is flawed in finding seventeen counts of sexual battery with a firearm, as the evidence at best only supports nine counts. As set forth below, we affirm the trial court on all issues.

**Background**

Four high school students (three males, one female) were playing cards and smoking marijuana in an abandoned house. A man ("the co-defendant") joined them in playing cards and texting until Appellant arrived. The co-defendant produced a gun and ordered the victims to put their possessions on a table. He ordered the female student to remove her pants, and he penetrated her vagina with a pencil. The co-defendant and Appellant took turns holding the gun while they forced the students to perform eight nonconsensual sex "scenes" with each other in various pairings (the term *scene* is used rather than *act*, as there were two acts/actions and two victims involved within each of the eight scenes). Eventually, a third man entered the house, confronted Appellant and the co-defendant, and told the victims to leave.

The first count of sexual battery was for the co-defendant's act of penetrating the female victim's vagina with a pencil. The other sixteen counts of sexual battery were based on the eight sex scenes. Each sex scene involved two victims; thus generating one count for each victim. For example, counts two and three involve one of the boys being forced to perform oral sex on the girl. Count two named the girl as the victim, and count three named the boy.[1] As noted above, Appellant was convicted of seventeen counts of sexual battery.

**Analysis**

## I.    Appellant's motion for judgment of acquittal

Motions for judgment of acquittal are reviewed de novo. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002). The evidence is viewed in a light most favorable to the State. *Id.*

A defendant is considered "a principal in first degree" as follows:

> Whoever commits any criminal offense against the state, whether felony or misdemeanor, or aids, abets, counsels, hires, or otherwise procures such offense to be committed, and such offense is committed or is attempted to be

---

[1] The same boy and girl were involved as a pair in one more of the eight sexual "scenes" (with each "scene" having two, coerced, actors). Appellant does not challenge each specific scene (there were eight), as distinct from each pairing (there were six), giving rise to a separate count. The practice does not violate double jeopardy. *Graham v. State*, 207 So. 3d 135, 137 (Fla. 2016) (charging two counts of sexual battery for the acts of penetrating the victim's mouth and vagina during a single criminal episode did not violate double jeopardy).

committed, is a principal in the first degree and may be charged, convicted, and punished as such, whether he or she is or is not actually or constructively present at the commission of such offense.

§ 777.011, Fla. Stat. (2010); *see also Charles v. State*, 945 So. 2d 579, 581-82 (Fla. 4th DCA 2006) (holding that "a defendant will be treated as if he did all the acts performed by the others involved in the perpetration of a crime if (1) the defendant 'ha[d] a conscious intent that the crime be done' and (2) the defendant 'd[id] some act or sa[id] some word which was intended to and d[id] incite, cause, encourage, assist, or advise another person to actually commit the crime.'" (alterations in original) (quoting *R.J.K. v. State*, 928 So. 2d 499, 503 (Fla. 2d DCA 2006))).

On appeal, Appellant maintains that there was no evidence he was aiding and abetting the co-defendant in sexual battery or that Appellant had the intent required for sexual battery to be committed. He likens this situation to that in *Lovette v. State*, 636 So. 2d 1304 (Fla. 1994). In that case, the sexual battery was not a feature of the original felony (armed robbery of a store), defendant "did not participate in the sexual battery," and he wasn't in the room with his co-defendant and the victim when the co-defendant committed the crime of sexual battery. *Id.* at 1307. In the instant case, on the other hand, all four of the victims testified to there being multiple perpetrators of the sexual battery. The victims used the term "they" when identifying who made the victims perform sex acts on each other. One victim specifically testified that Appellant forced the victims to engage in sex acts. The victims further testified that Appellant laughed with the co-defendant as the victims performed the sex acts, Appellant and the co-defendant took turns holding the gun, and Appellant helped clean up the crime scene.

Viewing the evidence in a light most favorable to the State, Appellant was more than merely present; he was a participant. For any sex act Appellant did not order at gun point, his co-defendant was acting in "furtherance . . . of the[ir] common design," *Charles*, 945 So. 2d at 582 (quoting *Bryant v. State*, 412 So. 2d 347, 350 (Fla. 1982)), encouraged and assisted by Appellant. Accordingly, the trial court correctly denied Appellant's motion for judgment of acquittal.

## II. The State presented sufficient evidence to prove each of the seventeen sexual battery claims

Sufficiency of the evidence is reviewed de novo. *Sigler v. State*, 805 So. 2d 32, 34 (Fla. 4th DCA 2001). The question of statutory interpretation

presented here is also subject to de novo review.  *State v. Hackley*, 95 So. 3d 92, 93 (Fla. 2012) (citing *Curd v. Mosaic Fertilizer, LLC*, 39 So. 3d 1216, 1220 (Fla. 2010)).

Appellant challenges the fact that he was charged for two counts of sexual battery for each scene.  For example, when child A was forced to perform a sexual scene with child B, there were two counts, with child A being the victim for one count, and child B being the victim for the other.  Appellant failed to preserve his argument below regarding being charged with two counts of sexual battery for each sexual offense.  His initial brief appears to concede this lack of preservation, arguing that being convicted on eight of the charges was fundamental error, citing to *Griffin v. State*, 705 So. 2d 572, 574 (Fla. 4th DCA 1998) ("A conviction is fundamentally erroneous when the facts affirmatively proven by the State simply do not constitute the charged offense as a matter of law.").

Appellant was charged with sexual battery.  The pertinent statutory provisions are found in section 794.011, Florida Statutes (2010).

> (1)(h) "Sexual battery" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object . . . .

> (3) A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury commits a life felony . . . .

§ 794.011(1)(h), (3), Fla. Stat. (2010).  The prototypical sexual battery case under this statute would be the defendant committing the penetration or union on a single victim, but subsection (1)(h) can be read as "oral, anal or vaginal penetration by [one victim], or union [of one victim] with, the sexual organ of another [victim]."  This construction is in line with prior case law interpreting the statute, as well as with the purpose of Chapter 794 of the Florida Statutes, which "shows a clear intent to protect an individual's *sexual privacy* from violence."  *Aiken v. State*, 390 So. 2d 1186, 1187 (Fla. 1980) (emphasis added) (quoting *State v. Aiken*, 370 So. 2d 1184, 1185 (Fla. 4th DCA 1979)); *see also Bautista v. State*, 863 So. 2d 1180, 1186 (Fla. 2003) ("To discern legislative intent, courts must consider the statute as a whole, including the evil to be corrected, the language, title, and history of its enactment, and the state of law already in existence on the statute." (quoting *State v. Anderson*, 764 So. 2d 848, 849 (Fla. 3d DCA 2000))); *Surace v. State*, 378 So. 2d 895, 899 (Fla. 3d DCA 1980)

(Schwartz, J., concurring) ("[A] violation of the sexual battery statute occurs whenever . . . there is an intentional, non-consensual intrusion into the sexual privacy of another."). Here, since neither victim consented, there are two life felonies being committed for each scene. For instance, Count two charged Appellant with committing an act of sexual battery on Victim A by forcing her to have union of her vagina with B's mouth. Count three charged Appellant with committing an act of sexual battery on Victim B by forcing him to have union of his mouth with A's vagina.

The statute does not, by its terms, require that the defendant be a direct party to the nonconsensual union or penetration covered by subsection (1)(h). Moreover, the following physical actions are covered by this subsection, so long as it was involuntary with respect to one or both of the parties: oral, anal, or vaginal union of one person with the "sexual organ" (vagina or penis) of another; oral, anal or vaginal penetration by a male's sexual organ; and anal or vaginal *penetration* (mere "union" is insufficient, *see Watkins v. State*, 48 So. 3d 883, 884 (Fla. 1st DCA 2010)) by "any other object." Thus, the penetration of a victim's vagina by a pencil is covered; the union of another person's mouth with the victim's vagina or penis ("sexual organs") is also covered. In the instant case, there were two victims and two offenses for each of the sexual scenes that involved two of the teenagers (which would cover every sexual offense other than the pencil penetration, which had one victim).

As Appellant threatened (directly or in concert with the co-defendant) the four teenagers at gunpoint to perform the eight sexual scenes, with two victims for each scene, the sixteen convictions (plus the additional conviction for the penetration of the victim's vagina by a pencil) are appropriate under the statute, and affirmable.

## Conclusion

By all accounts, the criminal offenses at issue here occurred in the span of less than an hour, though the trauma to the victims and the punishment of the perpetrators may last a lifetime. Items were taken, at gunpoint, from three of the victims, and all four victims were forced, at gunpoint, to perform nonconsensual sexual acts upon each other. Appellant was identified by the victims (one of whom was previously acquainted with Appellant) as an active participant to these crimes. As the evidentiary findings and legal analysis support the trial court's final judgment, we affirm with respect to all issues raised by Appellant on appeal.

*Affirmed.*

5

CONNER and KLINGENSMITH, JJ., concur.

\*　　\*　　\*

***Not final until disposition of timely filed motion for rehearing.***