311 So.2d 747 (1975)
Lloyd GARMISE, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1134.
District Court of Appeal of Florida, Third District.
April 8, 1975.
Rehearing Denied May 14, 1975.
*748 Whitman & Wolfe, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
The defendant, Lloyd Garmise, seeks review of a conviction for first degree murder and sentence entered pursuant to a jury verdict and upon an information charging same.
The defendant presents several points on appeal for our consideration. First, he contends that the court erred in denying his motion for a directed verdict of acquittal at the conclusion of all of the evidence. We note at the outset that the defendant is not challenging the weight and sufficiency of the evidence as to the jury verdict. When a defendant moves for *749 a directed verdict of acquittal, he admits all facts in evidence adduced and every conclusion favorable to the State fairly and reasonably inferable therefrom. Lett v. State, Fla.App. 1965, 174 So.2d 568, 569; Devlin v. State, Fla.App. 1965, 175 So.2d 82. A motion for judgment of acquittal should not be granted unless it is apparent that no legally sufficient evidence has been submitted upon which the jury could legally find a verdict of guilty. Shifrin v. State, Fla.App. 1968, 210 So.2d 18. See also, Holland v. State, 1937, 129 Fla. 363, 176 So. 169; Adams v. State, 1939, 138 Fla. 206, 189 So. 392. We find that there was substantial and sufficient competent evidence presented to support the denial by the trial court of the defendant's motion for acquittal.
The defendant's second point is that the court erred in admitting into evidence a number of color photographs of the body of the deceased which, the defendant argues, were inflammatory, highly prejudicial and of no probative value. As a general rule, the admissibility of photographic evidence is within the broad discretion of the trial judge. The discretion will not be disturbed by an appellate court unless clearly abusive or patently in error. Reed v. State, Fla.App. 1969, 224 So.2d 364. Photographs taken at the scene of the crime are admissible in evidence if they tend to illustrate or explain the testimony of a witness[1] or may be of assistance to the jury in understanding the testimony. Belger v. State, Fla.App. 1965, 171 So.2d 574. The ultimate test in judging admissibility is one of relevancy. Wilkins v. State, Fla. 1963, 155 So.2d 129. "... (W)hen photographs are otherwise relevant they will not be held incompetent merely because they tend to prejudice the jury." Leach v. State, Fla. 1961, 132 So.2d 329, 331. In the instant case the photographs were relevant for the jury's consideration and hence, admissible.
The third point raised by the defendant is that the court erred in denying the defendant's requested jury instructions regarding the weight to be given defendant's own testimony as to self defense. The defendant requested the following charge:
"If the only version of the manner in which the incident occurred is the version given by the Defendant, then the Jury must accept the Defendant's version and give great weight to it. This is especially so if there is no evidence to contradict the Defendant's evidence."
There is no error in refusing an instruction which implies and is calculated to impress the jury with the view that there is no testimony as to a certain phase of the case, when the record shows that there was such testimony. Barker v. State, 1898, 40 Fla. 178, 24 So. 69. In the instant case there was such evidence, albeit mainly circumstantial. Incomplete and/or misleading instructions are properly denied. Wells v. State, Fla.App. 1972, 270 So.2d 399; Kinchen v. State, Fla.App. 1974, 297 So.2d 341. The requested instruction, being an inaccurate statement of the law, was properly denied.
The remaining points raised by the defendant are without merit.
Therefore, no reversible error having been shown, the conviction and sentence appealed are hereby affirmed.
NOTES
[1] See Pressley v. State, Fla.App. 1972, 261 So.2d 522, citing Kitchen v. State, Fla. 1956, 89 So.2d 667 and Grant v. State, Fla. 1965, 171 So.2d 361.