360 So.2d 421 (1978)
Benjamin C. HARRISON, Appellant,
v.
STATE of Florida, Appellee.
No. 49933.
Supreme Court of Florida.
June 15, 1978.
*422 Jack O. Johnson, Public Defender; and James A. Cornelius, Asst. Public Defender, Bartow, Florida, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee; and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOYD, Justice.
This is a direct appeal from a criminal judgment of guilt and a suspended sentence of life imprisonment. During the proceedings the trial court passed on the validity of a state statute. The court's action gives us jurisdiction. Article V, Section 3(b)(1), Florida Constitution.
Benjamin Harrison was indicted for sexual battery of a person eleven years old or younger, a capital offense. He pleaded not guilty and moved to dismiss the indictment for the failure of the charging statute's constitutionality, facially and in application. Following a hearing, the motion was denied. The defendant changed his plea to nolo contendere, specifically reserving for appeal the constitutional issues raised in the motion. At the hearing on the plea change, the prosecutor, to provide a factual basis for the plea, read into the record a summary of the events which led to the charge. The summary relates that Harrison, in a car, drove a nine year old girl to a remote area of Pasco County. He inserted his finger into her vagina, attempted to insert his penis into her vagina and forced the child to perform fellatio. Later the same evening, again, he inserted his finger into the child's vagina and forced her to perform fellatio. The child's vaginal tissues were injured. After listening to the summary and determining the plea was voluntary, the court accepted the plea, adjudicated the defendant guilty and sentenced him to life imprisonment. The sentence was suspended pending treatment under the provisions for mentally disordered sex offenders in Chapter 917, Florida Statutes. An appeal from the conviction and sentence was taken directly here.
Harrison raises three constitutional issues. First, he says that the statute making "child sexual battery" a crime is vague and that, consequently, his conviction under it violates due process principles. Second, he argues that his motion to dismiss the indictment should have been granted because death, a penalty for the charged crime, is cruel and unusual punishment in relation to the crime. Third, he argues that punishment for the crime by life imprisonment without eligibility for parole until twenty-five years have been served in prison is cruel and unusual punishment.
The latter two arguments are easily disposed of. We have twice been presented with death sentences for child sexual battery. See Huckaby v. State, 343 So.2d 29 (Fla. 1977) and Purdy v. State, 343 So.2d 4 (Fla. 1977). In both cases the issue of "cruel and unusual punishment" was avoided when the death sentences were vacated and reduced to life for other reasons. We will not consider the issue here, either. Harrison is not under a sentence of death. As to the issue of cruel and unusual punishment for a minimum of twenty-five years service in prison, it has been decided against appellant. Banks v. State, 342 So.2d 469 (Fla. 1977).
"Sexual battery" is defined as "... oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object... ." Section 794.011(1)(f), Florida Statutes. Appellant argues that the definition is vague on its face because it does not identify the respective roles of the batterer and the victim. He constructs awkward allegations that might have been made in this case by substituting applicable parts of the statutory definition in a charge against him. We think the argument is contrived. Members of the public can read the statutory definition and the statute which outlaws "child sexual battery" and know, without any difficulty, what conduct is outlawed. Moreover, as to appellant, it can be discerned readily that it is a crime for a man to penetrate a child's mouth with his penis or to injure a child's vaginal tissues while penetrating or attempting to vaginally penetrate *423 the child with his penis or other object. Appellant makes a second argument against his conviction based on vagueness. He says, essentially, that he did not have fair warning that it was a crime for him to penetrate the child's vagina with his finger. The statute outlaws such penetration by any "object" in addition to a sexual organ. Appellant says fingers are not objects. We regard this argument as frivolous. There is no question that people understand that a finger, within the context of the statute, constitutes an "object."
Appellant's conviction is affirmed.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.