477 So.2d 52 (1985)
Jerry R. BUDD, Appellant,
v.
STATE of Florida, Appellee.
No. 85-548.
District Court of Appeal of Florida, Second District.
October 23, 1985.
Diana M. Allen of Stiles and Allen, P.A., Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
*53 LEHAN, Judge.
Defendant appeals from his conviction for misdemeanor battery as a lesser included offense of sexual battery with which he was charged. He raises multiple points on appeal. We either disagree with, or find no reversible error in, his points on appeal for the following, paraphrased reasons and, therefore, affirm.
Defendant contends that he should have been charged by indictment, rather than information, for the capital crime of sexual battery. As defendant concedes, this point has been decided contrary to his contention in State v. Wells, 466 So.2d 291 (Fla. 2d DCA 1985).
Defendant contends that there was error in the failure of the information to allege an essential element of the offense of which he was convicted, to wit, his age, and in its failure to allege the specific acts defendant was accused of. However, the information tracked the language of section 794.011(2), Florida Statutes (1983), and sufficiently alleged the crime so that defendant was not prejudiced. See State v. Dilworth, 397 So.2d 292 (Fla. 1981).
Defendant contends that the trial court erred in allowing the state to amend the information at the conclusion of the state's case to allege defendant's age. However, there was no error because defendant has not shown how he was prejudiced by the amendment. See Lackos v. State, 339 So.2d 217 (Fla. 1976).
Defendant contends that the trial court erred in not granting a mistrial due to the prosecutor in closing argument referring to the state's testimony being unrefuted and saying that "this crime is one that unfortunately seems to be occurring more in our society." However, remarks of this type which are improper may or may not create reversible error. See State v. Diguilio, No. 65,490 (Fla. Aug. 29, 1985) [10 FLW 430]. Under Diguilio, which involved a remark concerning defendant's silence, there is harmless error if it is clear beyond reasonable doubt that the jury would have returned a verdict of guilty if the comment had not been made. It appears clear to us beyond a reasonable doubt that the jury in this case would have returned the same verdict even if the foregoing remarks had not been made because they were not sufficiently "direct and egregious." Id. [10 FLW at 432].
Defendant contends that the trial court erred in instructing the jury on the lesser offense of battery. However, when, as here, an instruction as to a lesser offense is requested on behalf of defendant, doubtless as a matter of defense strategy to provide a jury possibly inclined toward a conviction with an opportunity to avoid conviction of the greater crime charged, no reversible error results from a conviction of that offense. See Ray v. State, 403 So.2d 956, 961 (Fla. 1981).
Defendant contends that the trial court erred in denying defendant's motion for acquittal because there was insufficient evidence for conviction of misdemeanor battery in that there was no evidence of defendant having touched the victim without her consent which is an element of misdemeanor battery. However, aside from the fact that this conviction constituted a "jury pardon" as had been requested on behalf of defendant in the form of the instruction on this offense, the testimony of the victim could have been construed by the jury to have established touching without her consent or intentionally causing bodily harm to the victim, which is an alternative element of battery.
Affirmed.
GRIMES, A.C.J., and DANAHY, J., concur.