625 So.2d 51 (1993)
Larry Francis KIRBY, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-100.
District Court of Appeal of Florida, Third District.
September 21, 1993.
Rehearing Denied October 26, 1993.
*53 Bennett Brummer, Public Defender and Sheryl J. Lowenthal, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before NESBITT, COPE and GODERICH, JJ.
PER CURIAM.
The defendant, Larry Francis Kirby, appeals from a final judgment of conviction and sentence. We affirm.
The defendant met the nineteen year old victim at a bar. When Jennifer stepped outside for some air, the defendant was standing by his truck and waived Jennifer over. She went over and sat in the truck. While her door was still open, the defendant backed out and sped away. He drove her to his house. They went into his bedroom. Then he forced her to perform oral sex on him. He tied her wrists together with two bandannas and used a third bandanna as a gag. He carried her to the kitchen to get water. She tried to escape and he dragged her back into the house. She pretended to faint. He spread her legs open. He began taking pictures of her and told her to insert her fingers into her vagina. The defendant masturbated and ejaculated on her back. Then, he handed her clothes to her and she walked to her friend's house.
The defendant was convicted of kidnapping, battery, sexual battery, and use or possession of drug paraphernalia. He was sentenced as a habitual violent felony offender to life in prison for kidnapping, without possibility of release for fifteen years; thirty years for sexual battery, without possibility of release for ten years; and 364 days for the remaining convictions. The defendant appealed.
The defendant first contends that the court erred in admitting photographs of the defendant's room and person, taken the day of the arrest, where the pictures are irrelevant and prejudicial. We disagree.
As a general rule, the admissibility of photographic evidence is within the broad discretion of the trial judge. Garmise v. State, 311 So.2d 747 (Fla. 3d DCA 1975), cert. denied, 429 U.S. 998, 97 S.Ct. 524, 50 L.Ed.2d 608 (1976). An appellate court will not disturb the trial judge's decision unless it is clearly abusive or patently in error. Garmise, 311 So.2d at 747; Reed v. State, 224 So.2d 364 (Fla. 4th DCA 1969). Photographic evidence is admissible as long as the evidence is relevant to any issue required to be proven in a case. Bauldree v. State, 284 So.2d 196 (Fla. 1973).
"Photographs taken at the scene of the crime are admissible in evidence if they tend to illustrate or explain the testimony of a witness or may be of assistance to the jury in understanding the testimony." Garmise, 311 So.2d at 749. See also King v. State, 545 So.2d 375 (Fla. 4th DCA), review denied, 551 So.2d 462 (Fla. 1989). Although the crime scene was never at issue in the instant case, *54 the photograph of the bedroom corroborates and helps to explain the victim's testimony. Each of the crime scenes in the photographs depict some aspect of the room as described by the victim in her testimony. Moreover, we find that the photographs were not "so inflammatory as to create an undue prejudice in the minds of the jury and detract them from a fair and unimpassioned consideration of the evidence." Zamora v. State, 361 So.2d 776, 783 (Fla. 3d DCA 1978) (quoting Leach v. State, 132 So.2d 329 (Fla. 1961)), cert. denied, 372 So.2d 472 (Fla. 1979). Therefore, these pictures were properly admitted into evidence.
Similarly, the photograph of the defendant in which he looked unkempt is admissible because it illustrates the testimony of the victim that the general appearance of the defendant was such that the victim was terrified and afraid to resist the accused's efforts to have sex. See King, 545 So.2d at 375; Garmise, 311 So.2d at 747. The state was trying to establish that the defendant looked different on the night in question. Moreover, the photograph was not inflammatory to the point of prejudicing the minds of the jury. Zamora, 361 So.2d at 783.
Next, the defendant contends that he was deprived of a fair trial by comments made by a witness during his testimony and by the state during closing argument since these comments were so prejudicial as to vitiate the entire trial. In essence, the defendant complains that several comments were made on his right to remain silent.
It is a well accepted principle of criminal law that the right of an accused to stand mute is protected by both state and federal constitutions. State v. Kinchen, 490 So.2d 21 (Fla. 1985). The proper test for reviewing comments is whether the alleged comments are fairly susceptible of being interpreted by the jury as referring to the defendant's failure to testify. Kinchen, 490 So.2d at 21; David v. State, 369 So.2d 943 (Fla. 1979).
The defendant first complains that the following comments made by Detective Chambers during his direct testimony were impermissible: "Q. [by prosecutor]: After you interviewed Jennifer [], where did you go? A. Subsequently, after speaking with her, I met with Detective Fletcher, and myself and Detective Fletcher spoke with Mr. Kirby." The officer did not make any reference to the defendant's failure to testify. On the contrary, the officer testified that he obtained background information from the defendant. This testimony left the jury with an impression that the defendant did in fact speak with the detective. Thus, we find that the foregoing comments did not constitute prejudicial error.
The defendant next argues that the following arguments made by the state during closing arguments constitute an impermissible comment on the defendant's right to silence: "[Defense counsel] did not tell you some things. I am going to sort of draw the focus back. [Defense counsel] never told you what kind of guy Larry Kirby is."
"[A] prosecutorial comment in reference to the defense generally as opposed to the defendant cannot be `fairly susceptible' to being interpreted by the jury as referring to the defendant's failure to testify." State v. Sheperd, 479 So.2d 106, 107 (Fla. 1985) (emphasis in original). We find that the foregoing comment refers to the absence of a defense, not the defendant's failure to testify. See id.
The defendant further contends that yet another impermissible comment on his right to silence was made by the prosecutor during closing argument when he stated: "Now what did the defendant intend when he did what he did that night? Well, I can't take his head and crack it open and mark it for an exhibit, to show you what was in his head that night." This court has refused to presume that jurors invariably, draw the wrong conclusions from statements "in which only lawyers or judges sensitized to possible error could even detect a sinister implication." Kinnon v. State, 439 So.2d 958, 960 (Fla. 3d DCA 1983), rev. denied, 451 So.2d 849 (Fla. 1984). It is well established under Florida law that a prosecutor may comment to a jury during closing arguments on the absence of evidence on a particular issue. White v. State, 377 So.2d 1149 (Fla.), cert. *55 denied, 449 U.S. 845, 101 S.Ct. 129, 66 L.Ed.2d 54 (1980).
The challenged portion of the prosecutor's closing argument was a permissible reference to the absence of testimony to support the defendant's contention that he did not intend to sexually batter the victim, rather than an impermissible comment on the defendant's failure to testify. See Avant v. State, 538 So.2d 99 (Fla. 3d DCA 1989).
As to all the claims of prosecutorial misconduct raised by the defendant, we examined the record and could not find any error "so prejudicial as to vitiate the entire trial." Murray v. State, 443 So.2d 955, 956 (Fla. 1984). See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). In summary, we conclude that none of the challenged remarks were comments on the defendant's failure to testify nor did any of the remarks prejudice the defendant.
The defendant also contends that the trial court erred in adjudicating him guilty of battery where he did not insert his fingers or any other object into the victim's vagina. We disagree.
Section 794.011, Florida Statutes (1989), the sexual battery statute, protects an individual's sexual privacy from violence. Aiken v. State, 390 So.2d 1186 (Fla. 1980); Gruzel v. State, 484 So.2d 97 (Fla. 1st DCA 1986); Surace v. State, 378 So.2d 895, 897 (Fla. 3d DCA 1980). Section 794.011(1)(h) defines "sexual battery" as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object" (emphasis added). In effect, "a violation of the sexual battery statute occurs whenever ... there is an intentional, nonconsensual intrusion into the sexual privacy of another." Surace, 378 So.2d at 899 (Schwartz, J., specially concurring).
In the instant case, the defendant was charged with three counts of sexual battery. On one of the sexual battery counts the defendant forced the victim to insert her fingers into her own vagina while he watched and took pictures. The statute outlaws the penetration of any object into the vagina. § 794.011(1)(h), Fla. Stat. (1989). A finger is an "object" within the context of the sexual battery statute. Harrison v. State, 360 So.2d 421 (Fla. 1978). Thus, the coerced insertion of a woman's own fingers in her intimate body orifice, against her will and at the command of a person that is intimidating her, is prohibited by the sexual battery statute.
Despite all the evidence presented on this particular count, the defendant was convicted of the lesser included offense of battery, which requires an actual touching by the defendant. Even though there is no evidence of guilt of the lesser offense, the jury has the power to grant the defendant a pardon for the more serious offense by conviction of the lesser. Budd v. State, 477 So.2d 52 (Fla. 2d DCA 1985). Thus, the defendant, who did not object to the battery charge being given as a lesser included offense, cannot be heard to complain that the jury exercised this pardon power. Budd, 477 So.2d at 52; Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA), approved, 340 So.2d 928 (Fla. 1976). No reversible error resulted from a conviction for battery; the defendant's conviction for battery is affirmed.
The defendant further contends that the trial court erred in failing to give an instruction on consent as proposed by defendant. The trial court correctly rejected the defendant's proposed jury instruction on the issue of consent. The law on that subject is correctly set forth in the Standard Jury Instructions on sexual battery, which were used by the trial court. The defendant's proposed instruction provided, in pertinent part, "You should rigidly scrutinize the testimony of the prosecutrix ... in this case as to the extent and nature of force used and as to whether consent was or was not ultimately yielded." This language, taken from Paramore v. State, 238 So.2d 604, 605 (Fla. 1970), is obsolete in light of Florida's subsequent comprehensive revision of its sexual battery laws in chapter 794, Florida Statutes. See McIlwain v. State, 402 So.2d 1194, 1195 (Fla. 5th DCA 1981). The proposed instruction is also a comment on evidence of the sort criticized by Fenelon v. State, 594 So.2d 292, 294 (Fla. 1992). There was no error on this point.
*56 The defendant's final two points on appeal deal with sentencing. The defendant contends that the trial court erred in adding forty points to the sentencing guidelines scoresheet for penetration or slight injury where no evidence of any physical injury to the victim was presented. Based on the Florida Supreme Court's holding in Karchesky v. State, 591 So.2d 930 (Fla. 1992), we must agree. The trial court erred in adding forty points to the scoresheet. However, because we affirm the habitual violent felony offender issue, the scoring error is harmless.
The defendant also contends that the trial court erred in sentencing him as a habitual violent felony offender.
This category was created in 1988 in section 775.084(1)(b), Florida Statutes (Supp. 1988). The wording of the habitual violent felony offender provision differs from the wording of the habitual felony offender provision. The habitual violent felony offender provision only requires the trial court to find that "The defendant has previously been convicted of a felony or an attempt or conspiracy to commit a felony and one or more of such convictions was for [the statute then enumerates a list]."
Under the habitual violent provision, there is no requirement that the felony has been committed in Florida.
By contrast, when the 1988 legislature drafted the habitual felony offender provision (§ 775.084(1)(a)) they drafted the statute to apply where "defendant has previously been convicted of two or more felonies in this state. ..."
The decision in Pride v. State, 603 So.2d 24, 26 (Fla. 1st DCA 1992), approved, 616 So.2d 6 (Fla. 1993), applies to the regular habitual offender classification. Under Pride, the adjudication as a regular habitual offender depends on the felonies having been committed in Florida.
However, this defendant was not convicted under that section, and Pride does not apply to him. This defendant was convicted as a habitual violent felony offender. Under State v. Johnson, 616 So.2d 1 (Fla. 1993), this defendant would be entitled to relief on account of the unconstitutionality of chapter 89-280 only if his adjudication depended on any of the language added by the legislature in chapter 89-280.
The only change chapter 89-280 made to the "habitual violent felony offender" classification was to add aggravated battery as one of the list of enumerated offenses.
In the present case the documents introduced below showed prior convictions for rape, sodomy, sexual abuse, and robbery in the State of Kentucky. These offenses all fit within the predicate acts as specified in the 1988 version of the statute, § 775.084(1)(b). Under Johnson, the declaration of unconstitutionality as to chapter 89-280 means that the 1988 statute remained in force. Since this adjudication is entirely correct under the 1988 version of the statute, we do not disturb the adjudication.
Affirmed.