638 So.2d 589 (1994)
Richard Alan DORMAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-1957.
District Court of Appeal of Florida, Third District.
June 21, 1994.
Bennett H. Brummer, Public Defender and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Paul M. Gayle-Smith, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and GODERICH, JJ.
PER CURIAM.
The defendant, Richard Alan Dorman, was charged with attempted second degree murder with a deadly weapon, aggravated battery with a deadly weapon, and unlawful possession of a weapon while engaged in a criminal offense. The defendant did not testify at trial. During closing argument, defense counsel argued that the defendant acted in self-defense and his actions were the result of a bar room brawl. During closing argument, the State argued the following: "I submit to you that this man was never provoked. We can't get in the head of the defendant. I don't know why he went to get that knife. All I know is he did go get the knife for no legal reasons." The defendant's *590 objection to this statement and motion for mistrial were denied.
The jury found the defendant guilty of attempted manslaughter with a deadly weapon, a lesser included offense of attempted second degree murder with a deadly weapon; aggravated battery with a deadly weapon; and unlawful possession of a weapon while engaged in a criminal offense. This appeal follows.
The defendant contends that the trial court erred in denying his motion for mistrial where the State commented on the defendant's right to remain silent during closing argument. We disagree.
In Kirby v. State, 625 So.2d 51 (Fla.3d DCA 1993), the defendant argued that the following comment made by the prosecutor during closing argument was an impermissible comment on his right to remain silent: "Now what did the defendant intend when he did what he did that night? Well, I can't take his head and crack it open and mark it for an exhibit, to show you what was in his head that night." This court found that the challenged comment "was a permissible reference to the absence of testimony to support the defendant's contention that he did not intend to sexually batter the victim, rather than an impermissible comment on the defendant's failure to testify." Kirby, 625 So.2d at 55.
In the instant case, the prosecutor's comment is very similar to the comment made by the prosecutor in Kirby. We find, as did the Kirby court, that the prosecutor's comment was not a comment on the defendant's right to remain silent, but rather a permissible comment on the lack of testimony to support the defendant's contention that he acted in self-defense.
As the State properly concedes, the trial court erred in convicting and sentencing the defendant for unlawful possession of weapon while engaged in a criminal offense where the use of the weapon is the basis for enhancing the defendant's convictions and sentences for attempted manslaughter and aggravated battery. Cleveland v. State, 587 So.2d 1145 (Fla. 1991).
Accordingly, we affirm the defendant's convictions and sentences for attempted manslaughter with a deadly weapon and aggravated battery with a deadly weapon; but reverse his conviction and sentence for unlawful possession of a weapon while engaged in a criminal offense.