GREEN, J.
We reverse the appellant’s conviction and sentence for two counts of robbery with a firearm, false imprisonment with a firearm and aggravated battery entered after a jury trial. We remand for a new trial based upon our agreement with the appellant that the trial court abused its discretion when it failed to strike two prospective jurors for cause. The defense was then forced to utilize peremptory challenges on those jurors, and the court refused to grant additional peremptories after the defense had exhausted its allotted challenges.
Appellant, Christopher James Vega, was charged as a principal by a second amended information with two counts of robbery using a deadly weapon or firearm, two counts of armed kidnaping and one count of aggravated battery.[1] Vega’s anticipated defense at trial was that he was merely present at the scene and did not participate. He further intended to adduce evidence that he left the scene shortly after the actual perpetrators, because he did not want the police to find the ounce of marijuana that he possessed.
During the voir dire proceedings, the trial court began by discussing the state’s burden of proof and the defendant’s right to remain silent. The court also read the state’s entire witness list, that included eight officers from two different police departments. The following then transpired *1167 between the court and prospective juror, Lygia Rose Turman:
[The Court]: You think Mr. Vega needs to tell you something?
* * * *
[Ms. Turman]: I don’t know. I just — I know he is saying he is not guilty and but then I’m also thinking that there is also a lot of other police officers from different — not only North Miami — that are saying that he is. And I’m just — I don’t know. I’m just a little concerned, you know, why so many — not citizens, public citizens, but police officers are saying this man is the man that did it. So I’m just questioning that.
[The Court]: Well, the law really says it’s the State’s job of proving him guilty, if they can, and the law also says before you can sit on the jury, you have to tell me from your heart that you won’t require the defendant to present any evidence and you won’t require the defendant to prove anything.
Can you promise me that from your hear [sic] or is there a little bit of— [Ms. Turman]: There is a little bit.
[The Court]: I kind of hear that still is there.
[Ms. Turman]: There is a little bit. I’m being honest.
[[Image here]]
Ms. Turman subsequently agreed to follow the law and indicated that she would hold Vega innocent until proven guilty. When the defense began its voir dire questioning, counsel sought to explore whether the perspective venire persons could be fair if the evidence revealed that drugs were involved in the case, and the following transpired:
[Defense Counsel]: You do not care for them? Let me ask you this; [sic] none of the charges against my client have anything to do with drugs, but if you were to hear evidence in this case that alluded to drugs being involved in some manner, would that affect your ability to be fair?
****
[Ms. Turman]: I have a friend, her husband became a crack addict. It’s been real hard. She has children, children go to school together. I see what it has done to her life. Yeah, I kind of get upset, you know, with drugs and how it affects people’s life.
[Defense Counsel]: Would it affect your ability to be fair in this case?
[Ms. Turman]: I don’t know. I don’t know. I mean I don’t know what drugs we are talking about. I don’t know the circumstances but—
[Defense Counsel]: All right.
[Ms. Turman]: I do have a problem with people and drugs.
Similarly, another prospective juror, Jose Gonzalez, also expressed doubts about his ability to serve as an impartial juror in a case where drugs may be involved:
[Mr. Gonzalez]: I think I would have a problem, too.
[Defense Counsel]: Pardon me?
[Mr. Gonzalez]: I would have a problem, too.
[Defense Counsel]: You would have a problem, as well. You think the problem would be to the extent you could not judge the other issues fairly?
[Mr. Gonzalez]: I agree with them.
[[Image here]]
[Mr. Gonzalez]: I think it would influence my decision if the person was under or possessing the drugs.
*1168 * * ❖ *
The defense sought to have both Ms. Turman and Mr. Gonzalez challenged for cause based upon their responses given during the voir dire proceeding. The trial court denied both challenges for cause. As a result, the defense had to utilize two of its peremptory challenges to strike Ms. Turman and Mr. Gonzalez. Once the defense had exhausted all of its peremptory challenges, it requested an additional peremptory challenge from the court to strike prospective juror, Allister Charles. The basis of this request was that the defense had been forced to expend two perempto-ries to strike Ms. Turman and Mr. Gonzalez. Had the challenges for cause to these venire persons been granted, the defense would have had a peremptory challenge to excuse Mr. Charles. The trial court declined the defense’s request for additional peremptory challenges. Prior to the jury being sworn, the defense renewed all of its objections.
The trial commenced and the jury convicted Vega of two counts of robbery with a firearm, false imprisonment with a firearm as a lesser-included offense of kidnap-ing, and aggravated battery. Vega was sentenced under the guidelines to thirteen years imprisonment on each count, with a three-year minimum mandatory period for the use of a firearm, with each sentence to run concurrently.
On this appeal, Vega’s sole contention is that the trial court reversibly erred by denying his two challenges for cause as to Ms. Turman and Mr. Gonzalez, where there was a reasonable doubt as to their ability to serve as impartial jurors in his case. Recently, the Florida Supreme Court reiterated that our standard of review of a trial court’s ruling on a cause challenge is one of an abuse of discretion. See Singleton v. State, 783 So.2d 970, 973 (Fla.2001) (“On appeal, a trial court’s ruling on a cause challenge will be sustained absent an abuse of discretion”). “Discretion is abused ‘only where no reasonable person would take the view adopted by the trial court.’ ” Id. quoting Huff v. State, 569 So.2d 1247, 1249 (Fla.1990). On the record before us, we conclude that the trial court did abuse its discretion when it failed to grant the appellant’s requested cause challenges to Ms. Turman and Mr. Gonzalez.
In this state, the test for juror competency is:
whether the juror can lay aside any bias or prejudice and render his verdict solely upon the evidence presented and the instructions on the law given to him by the court, [citations omitted]. In applying this test, the trial courts must utilize the following rule, ...: if there is a basis for any reasonable doubt as to any juror’s possessing that state of mind which will enable him to render an impartial verdict based solely on the evidence submitted and the law announced at the trial, he should be excused on motion of a party, or by the court on its own motion.
Hill v. State, 477 So.2d 553, 555 (Fla.1985). See also Coggins v. State, 677 So.2d 926 (Fla. 3d DCA 1996); Gill v. State, 683 So.2d 158 (Fla. 3d DCA 1996).
Both Ms. Turman and Mr. Gonzalez’s expressed disdain for people involved with.drugs. In addition, Turman equivocated about whether she would “require” the defense to come forward with any evidence in this case. Certainly, we think that these comments created a reasonable doubt as to their ability to serve as impartial jurors in this case and they should have been stricken for cause. See, e.g., King v. State, 622 So.2d 134 (Fla. 3d DCA 1993) (a prospective juror should have *1169 been excused for cause after asserting that he had been victim of a crime by an unknown assailant who resembled the defendant and the juror was uncertain whether he could put aside his experience in this case); Price v. State, 538 So.2d 486 (Fla. 3d DCA 1989) (a prospective juror who expressed concern that her acquaintance with the victim might interfere with her impartiality as a juror should have been excused for cause). Moreover, and contrary to the state’s assertion on this appeal, we conclude that the responses given by Ms. Turman and Mr. Gonzalez to other questions posed during voir dire did not serve to dispel this reasonable doubt as to their ability to sit impartially in this case. See Coggins, 677 So.2d at 927.
Accordingly, we reverse the appellant’s convictions and sentence, and remand for a new trial.

. Prior to trial, the state entered a nolle pro-sequi as to one of the armed kidnaping counts.