809 So.2d 59 (2002)
Carlton TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1718.
District Court of Appeal of Florida, Fifth District.
February 8, 2002.
*60 James B. Gibson, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Carlton F. Turner appeals his judgment and sentence for the crimes of first degree murder and child abuse. We affirm.
At trial, the defense admitted Turner committed the homicide[1] but contended that Turner was insane as evidenced by the hallucinations he was experiencing at the time of the homicide. The jury returned a verdict of guilty of first degree premeditated murder and child abuse. He was adjudicated guilty and sentenced to a term of natural life.
Turner raises three issues on appeal. First, he submits that the trial court reversibly erred when it declined to excuse for cause a juror who admitted that, while still a venire person, she read a newspaper report about the case during lunch. Before she read the article, the potential juroralong with the other venire membershad been advised to avoid any publicity about the case. The trial court denied the challenge for cause and denied the motion for additional peremptories following her admission, explaining:
I watched her as [the potential juror] was responding to the questions that [counsel] asked and, you know, if there's some cover-up there, she's good, because I didn't see it. If I had seen it, I would have granted the challenge for cause, and I was looking for it, because I had the opportunity to read the article.
She explained that she read the newspaper everyday and did not realize the case would be covered in the newspaper. The proper standard of review of a trial court's decision in this arena has recently been rearticulated by the Supreme Court: "[o]n appeal, a trial court's ruling on a cause challenge will be sustained absent an abuse of discretion. Discretion is abused `only where no reasonable person would take the view adopted by the trial court.'" Singleton v. State, 783 So.2d 970, 973 (Fla.2001)(quoting Huff v. State, 569 So.2d 1247, 1249 (Fla.1990)).
The mere fact that a juror may have been exposed to publicity about a case does not mean he cannot serve on a jury. See Robinson v. State, 438 So.2d 8, 10 n. 3 (Fla. 5th DCA 1983)(citing United States v. Jimenez-Diaz, 659 F.2d 562 (5th Cir.1981)). Instead, the pertinent question is whether the juror can lay aside his impressions and opinions and render a verdict based on the evidence presented in court. See Vega v. State, 781 So.2d 1165 (Fla. 3d DCA 2001). Factors to be considered in determining the possibility of prejudice are how closely related the publicity is to the case, its timing, its prominence, its tone and the likelihood the jury was exposed to it. Robinson, 438 So.2d at 10 *61 n. 4 (citing United States v. Herring, 568 F.2d at 1104-1105).
We do not believe the trial court abused its discretion. This pretrial publicity was, by the account of both the defense and the state, a straightforward news story of the case. The article did report that the couple had a history of domestic problems. If Turner were denying responsibility for his wife's death, perhaps the reading of the report should have led to this venire person's removal for cause. But that is not the case here. Moreover, we also believe that the juror's honest mistake of reading the news article after having been instructed not to was not so egregious as to lead to the conclusion that no reasonable person would have allowed her to remain on the panel.
Next, Turner complains that the trial court confused the jury by modifying the jury instruction on "insanity-hallucinations." The standard jury instruction on the defense of "Insanity- Hallucinations" reads in part:
An issue in this case is whether (defendant) was insane when the crime allegedly was committed.
A person is considered to be insane when:
1. The person had a mental infirmity, disease or defect.
2. Because of this condition, the person had hallucinations or delusions which caused the person to honestly believe to be facts things which are not true or real.
The guilt or innocence of a person suffering from such hallucinations or delusions is to be determined just as though the hallucinations or delusions were actual facts. If the act of the person would have been lawful had the hallucinations or delusions been the actual facts, the person is not guilty of the crime.
All persons are presumed to be sane. However, if the evidence causes you to have a reasonable doubt concerning the defendant's sanity, then the presumption of sanity vanishes and the State must prove beyond a reasonable doubt that the defendant was sane.
In determining the issue of insanity, you may consider the testimony of expert and nonexpert witnesses. The question you must answer is not whether the defendant is insane today, or has ever been insane, but simply if the defendant was insane at the time the crime allegedly was committed.
Unrestrained passion or ungovernable temper is not insanity, even though the normal judgment of the person be overcome by passion or temper.
If you find that (defendant) committed the crime but have a reasonable doubt that he was sane at that time, then you should find him not guilty by reason of insanity.
If your verdict is that the defendant is not guilty because insane, that does not necessarily mean he will be released from custody. I must conduct further proceedings to determine if the defendant should be committed to a mental hospital, or given other outpatient treatment or released.
Fla. Std. Jury Instr. (Crim.) 33.04(b)(2).[2]
The trial judge gave this standard instruction except it deleted this sentence: "If the act of the person would have been lawful had the hallucinations or delusions been the actual facts, the person is not guilty of the crime." In its place the trial judge substituted:
If you find that Carlton Floyd Turner committed the crime but have a reasonable *62 doubt that he was sane at the time, and if you further have a reasonable doubt that his act would have been lawful, or have a reasonable doubt that he would have been justified in the use of force likely to cause death or great bodily harm had the hallucinations or delusions been the actual facts, then you should find him not guilty by reason of insanity.
However, if you have no reasonable doubt that Carlton Floyd Turner was sane at that time or if you have a reasonable doubt that he was sane at that time, and if you further find beyond a reasonable doubt that his act would not have been lawful had the hallucinations or delusions been the actual facts, and if you further find beyond a reasonable doubt that had the hallucinations or delusions been actual facts, that Carlton Turner was not justified in the use of force likely to cause death or great bodily harm, and if all the elements of the crime has been proved by the State beyond a reasonable doubt, then you should find him guilty of such crime as you find has been proved beyond a reasonable doubt.
A court should not give instructions that are confusing, see Butler v. State, 493 So.2d 451, 453 (Fla.1986), however, this instruction was not confusing even if it did muddy the waters somewhat. A trial court has wide discretion in instructing the jury, and the court's decision regarding jury instructions is presumed correct on appeal. See James v. State, 695 So.2d 1229, 1236 (Fla.1997), cert. denied, 522 U.S. 1000, 118 S.Ct. 569, 139 L.Ed.2d 409 (1997). Although it is the better practice to rely on the standard instructions, the trial court did not abuse its discretion in modifying the jury instructions.
Lastly, Turner submits that the trial court reversibly erred when it excluded some proffered testimony of an acquaintance of Turner. The admission or exclusion of evidence is a decision within the trial court's discretion and should not be cause for reversal on appeal absent an abuse of that discretion. See Medina v. State, 466 So.2d 1046 (Fla.1985); Jent v. State, 408 So.2d 1024 (Fla.1981).
The trial court did not allow the acquaintance to testify that Turner believed his wife's mother was sending her "demon powder" in the mail or that Turner believed that his wife was working voodoo against Turner. The acquaintance was allowed to testify, however, to having had the opportunity to observe Turner very often and very well. She testified that she heard Turner complain of "ghosts" in the car and on top of the car when he was driving. She had also heard him complain that "ghosts" in her home would attack Turner. She heard him refer to demons in his home, as had his wife. She was also allowed to confirm that Turner "expressed fear of his wife." The witness also was allowed to say that Turner believed in voodoo, that he told her he believed people were demons and he believed in demon powder.
We conclude that any error in excluding the two statements was harmless. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Assuming arguendo that it was error to exclude the testimony, it was harmless because the witness was allowed to testify at length concerning Turner's belief in voodoo and fear of his wife. The point Turner was trying to make through the excluded testimony was amply covered in the rest of the testimony.
AFFIRMED.
SAWAYA and PETERSON, JJ., concur.
NOTES
[1] Turner's videotaped confession was played for the jury.
[2] One paragraph of the standard jury instruction is omitted (the paragraph concerning prior adjudication of insanity) because it is not pertinent for purposes of this appeal.