MAY, J.,
dissenting.
I must respectfully dissent. I recognize the significance of the right to remain silent and the court’s duty to act as a sentinel to protect that right. However, the prosecutor’s statement in this case did not infringe upon that right.
The comment was made at the end of the State’s closing argument. Taken in context, the statement did not reflect upon the defendant’s right to remain silent. Rather, it was a permissible comment made while arguing that the state had met its burden of proof. As ■ noted by the majority, the statement was as follows:
*476 Mr. Stiffler: The State of Florida has proven this case beyond and to the exclusion of all reasonable doubt and I ask you to go back in that jury room, apply your Common sense to the true facts of this case and come back and tell the defendant what he knows sitting there today, that he is guilty of indecent assault.
This simply does not constitute a comment on the defendant’s right to remain silent.
The Florida Supreme Court articulated its “very, liberal rule” for determining whether a statement infringes on the defendant’s right to remain silent in Jackson v. State, 522 So.2d 802, 807 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 153 (1988). “If the comment is ‘fairly susceptible’ of being interpreted by the jury as a comment on the defendant’s exercise of his. right to remain silent it will be treated as such.” Id. If it is not “fairly susceptible” of such an interpretation, it is not treated as such.
The Florida Supreme Court considered a statement very similar to the one made in this case in Harris v. State, 438 So.2d 787 (Fla.1983). In Harris, the prosecutor made the following statement:
I submit to you this was a voluntary statement taken after a considerable period of time in which he sat there and remained the same immobile, unemotional self as he has this entire trial.
Taken in the context of the entire closing argument, the court found the statement to be a fair comment on the defendant’s demeanor during a confession, and not an impermissible comment on the exercise of the defendant’s right to remain silent. See also State v. Dix, 723 So.2d 351 (Fla. 5th DCA 1998) (prosecutor's statement regarding defendant’s admission did not constitute comment on his exercise of the right to remain silent); Dorman v. State, 638 So.2d 589 (Fla. 3d DCA 1994) (prosecutor’s statement on the lack of testimony to support defendant’s claim of self defense was not a comment on the defendant’s exercise, of his right to remain silent); Minnis v. State, 505 So.2d 17 (Fla. 3d DCA 1987) (prosecutor’s comment on defendant’s oral statement to arresting officer was not a comment on the defendant’s exercise of his right.to remain silent).
The majority suggests that the statement in Harris is different than the comment in this case because it focused on the defendant’s demeanor at the time of the confession. However, in making that comment, the prosecutor compared the defendant’s demeanor at the time of the confession to his demeanor during the trial. “[H]e sat there and remained the same immobile, unemotional self as he has this entire trial.” I continue to believe that the majority’s distinction is one without a difference.
Like Harris, viewing the statement in the context in which it was made, the prosecutor’s statement was not “fairly susceptible of being interpreted by the jury as a comment on the defendant’s exercise of his right to remain silent.” Jackson, 522 So.2d at 807. The trial court properly overruled the objection, and I would affirm the defendant’s conviction.