935 So.2d 1259 (2006)
Cecil Ray HARRIS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2672.
District Court of Appeal of Florida, Fifth District.
August 18, 2006.
James S. Purdy, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
An inebriated individual, Cecil Ray Harris, attempted to gain entry into a bar. When he tendered payment of the cover charge, Harris was asked by employees of the bar to remove himself from the premises. With his reason and judgment diverted by an overindulgence in alcohol, and being ill-disposed to rejection, by employees of a bar no less, Harris began to hurl verbal obscenities at them. We will save the reader from disclosure of the vulgarity. When his misbehavior failed to cause the employees to relent and allow him to enter, Harris threatened to obtain a firearm and shoot everyone. Being displeased with Harris and his insufferable conduct, and concerned by his threats of violence, the employees summoned two police officers for assistance.
*1260 The police officers arrived and asked Harris to leave, but as a man of mettle he would not be turned away by anyone, not even police officers, so he "squared off, ready to fight." When the officers attempted to arrest Harris for disorderly conduct, a melee ensued wherein Harris struck the officers. Pepper spray was applied to Harris, but to no avail. Although the struggle continued, the pugnacious Harris eventually passed out, bringing a welcome end to his obnoxious behavior. Handcuffed and vanquished, Harris was removed to jail.
Charged with resisting an officer with violence, Harris proceeded to trial. During jury instruction discussions, counsel for Harris asked that the jury be instructed on the lesser-included offense of resisting an officer without violence. He asked, too, that "knowingly and willfully" be included in that instruction so the jury would be required to find that Harris knew the individuals with whom he struggled were officers. Although the court granted the request to instruct the jury on this lesser-included offense, it rejected the request to alter the standard instruction to include "knowingly and willfully."[1] The jury found Harris guilty of the lesser offense of resisting an officer without violence. The trial court sentenced Harris to 270 days in county jail.
Dissatisfied with the result, Harris appeals, and of the issues he raises, we will discuss only two: 1) whether the conviction must be reversed because the evidence was insufficient to show that the police were engaged in the performance of a lawful duty at the time they arrested him; and (2) whether the trial court erred by refusing to instruct that resisting an officer without violence contains a knowledge element requiring that Harris have known that the persons he was resisting were police officers.[2]
In his argument regarding the first issue, Harris actually invokes the First Amendment and the mantra of freedom of speech, contending that his foul and sordid exclamations, albeit offensive, were insulated from prosecution. His argument continues that the behavior for which the officers attempted to arrest him was his speech and, because this was constitutionally protected, his conduct was insufficient to constitute the offense of resisting an officer without violence. Thus, his arrest was illegal and, because a person may lawfully resist an illegal arrest, he cannot stand convicted of resisting an officer without violence. Even if his arrest was for disorderly intoxication, as Harris admits the record suggests, then the facts would support an arrest for resisting with violence, but do not support the offense of *1261 resisting without violence. Accordingly, Harris asks this court to reverse his conviction for insufficiency of the evidence in that it was not proven that the police were engaged in the performance of a legal duty at the time he was arrested.
We decline his request based on this argument. We believe that the facts of the case show that the officers were engaged in the lawful execution of their legal duty at the time Harris resisted them. Harris had threatened to get a gun and shoot the bar employees. Harris was clearly intoxicated, yelling obscenities, and appeared "ready to fight." He would not leave the scene when instructed to and struck the officers as they were reaching out for his arm to arrest him for disorderly conduct. Harris's subsequent actions certainly supported the charge of resisting an officer with violence.
It was Harris who requested an instruction on the lesser offense of resisting without violence, and we believe it was appropriate for the trial court to have given it. The reason for the rule that requires the trial court to instruct the jury on lesser-included offenses is based on the concept of jury pardons.[3] The jury pardon has become ingrained in the rules of criminal procedure relating to determination of degree of offense and determination of attempts and lesser-included offenses. See Fla. R.Crim. P. 3.490 & 3.510(b). Moreover, the Florida courts have fully embraced it as an integral part of our jurisprudence, see Bufford v. State, 473 So.2d 795 (Fla. 5th DCA 1985), review denied, 482 So.2d 347 (Fla.1986), and they consistently hold that failure to instruct the jury on a lesser-included offense can constitute reversible error per se when the issue is raised on direct appeal. See Piccioni v. State, 833 So.2d 247 (Fla. 4th DCA 2002). In light of the facts, which would have supported a conviction for resisting an officer with violence, we do not believe it appropriate for Harris to now complain that the jury exercised its pardon power to convict him of his requested lesser offense of resisting without violence. See Kirby v. State, 625 So.2d 51 (Fla. 3d DCA 1993); Bradford v. State, 567 So.2d 911, 915 (Fla. 1st DCA 1990), review denied, 577 So.2d 1325 (Fla.1991); Budd v. State, 477 So.2d 52, 53 (Fla. 2d DCA 1985); see also State v. Espinosa, 686 So.2d 1345, 1348 (Fla. 1996) ("[W]e do not believe that a defendant who requests an instruction on a lesser-included offense should be allowed to complain on a sufficiency of the evidence claim on the lesser-included offense when sufficient evidence exists to convict the defendant for the greater offense. To hold otherwise would allow a defendant to request an instruction on the lesser-included offense in anticipation that the jury will exercise its `pardon power,' after which the *1262 defendant could seek reversal based on the sufficiency of the evidence.") (citations omitted). Accordingly, no basis for reversal has been demonstrated in this issue.
Harris fares much better with his second issuewhether the trial court erred in refusing to instruct the jury that in order to commit the crime of resisting an officer without violence, he must have known the individuals he resisted were officers. A reading of section 843.02, Florida Statutes, which makes such conduct criminal, reveals the obvious: it does not explicitly require knowledge on the part of the defendant that that the individual is an officer. Nevertheless, we believe knowledge is an element of this offense and the jury should be so instructed, because without it, an individual may be punished for conduct that would otherwise be appropriate, such as resisting detention by an individual impersonating a law enforcement officer. See, e.g., A.F. v. State, 905 So.2d 1010, 1012 (Fla. 5th DCA 2005) ("`It is an all too sad fact that persons have been victimized as a result of their trusting criminals who were impersonating police officers to facilitate crimes.'") (quoting W.E.P., Jr. v. State, 790 So.2d 1166, 1172 (Fla. 4th DCA 2001)).
This rationale was explained by the court in Cooper v. State, 742 So.2d 855 (Fla. 1st DCA 1999):
While section 843.02 does not include the knowledge element, this court has held that an essential element of the crime of resisting an officer without violence is "knowledge [on the part of the defendant] that the officer intended to detain him or her." See Calliar v. State, 714 So.2d 1134, 1135 (Fla. 1st DCA 1998) rev. granted, 727 So.2d 903 (Fla. 1998). In Robinson v. State, 667 So.2d 384 (Fla. 1st DCA 1995), we determined that a conviction for resisting arrest without violence could not be obtained unless the defendant had knowledge that he was being detained. See id. at 386. While these cases dealt primarily with knowledge of detention, implicit in their holdings is the requirement that the defendant know that the person effectuating the detention is a police officer. Clearly, if appellant believed he was being detained by a drug dealer, he would have had the right to resist the detention. Thus, in this case, as in other similar factual circumstances, knowledge that the person is an officer is an element of the crime of resisting an officer without violence.
Id. at 857-58. Harris argues that in his case, evidence was presented that he was not aware that the men who struggled with him were police officers and that this was his primary defense at trial. Accordingly, it was critical that the jury be correctly instructed that he had the intent to resist law enforcement officers.
We conclude that failure to instruct the jury on the knowledge element requires reversal of Harris's conviction for resisting an officer without violence and remand for a new trial on that charge. We note, parenthetically, that we have come to this conclusion having indulged the presumption of correctness that accompanies this issue on appeal. See Turner v. State, 809 So.2d 59, 62 (Fla. 5th DCA 2002) ("A trial court has wide discretion in instructing the jury, and the court's decision regarding jury instructions is presumed correct on appeal.") (citing James v. State, 695 So.2d 1229, 1236 (Fla.1997)), review denied, 829 So.2d 920 (Fla.2002).
AFFIRMED in part; REVERSED in part; REMANDED.
THOMPSON and LAWSON, JJ., concur.
NOTES
[1] The court gave the following instruction to the jury:

Before you can find the defendant guilty of resisting an officer without violence, the State must prove the following three elements beyond a reasonable doubt. Number one, Cecil Ray Harris, Junior, resisted, obstructed or opposed Kyle McDaniel and/or Mark Chrisman. Two, at the time, Kyle McDaniel and/or Mark Chrisman were engaged in the execution of a legal process, or in the lawful execution of a legal duty. Three, at the time, Kyle McDaniel and/or Mark Chrisman was an officer. The Court now instructs you that every Volusia County beach patrol officer is an officer within the meaning of the law. The Court further instructs you that making a lawful arrest constitutes a lawful execution of a legal duty.
[2] Harris also argues that it was error to deny his request that the jury be instructed on attempted resisting arrest without violence and simple assault and battery as lesser-included offenses of resisting arrest without violence. We disagree and affirm as to this issue without further discussion.
[3] See State v. Estevez, 753 So.2d 1 (Fla.1999); Amado v. State, 585 So.2d 282, 283 (Fla.1991) ("We still allow juries to convict on lesser offenses under our recognition of the jury's right to exercise its `pardon power.'"); State v. Wimberly, 498 So.2d 929, 932 (Fla.1986) ("The requirement that a trial judge must give a requested instruction on a necessarily lesser included offense is bottomed upon a recognition of the jury's right to exercise its `pardon power.'"); State v. Baker, 456 So.2d 419 (Fla. 1984); see also Firsher v. State, 834 So.2d 921 (Fla. 3d DCA), review denied, 859 So.2d 514 (Fla.2003); Mosley v. State, 482 So.2d 530, 531-32 (Fla. 1st DCA) ("It is only because the Supreme Court of Florida has adopted the phenomenon of the `jury pardon' as part of the jurisprudence of our State that a defendant can be heard to complain about the failure to instruct on lesser offenses notwithstanding the fact that he has been properly proved and found guilty of the offense charged.") (footnote omitted), approved, 492 So.2d 1071 (Fla.1986); Bufford v. State, 473 So.2d 795, 796 (Fla. 5th DCA 1985) ("The requirement that the jury be charged on lesser included offenses is solely based on the jury's pardon power."), review denied, 482 So.2d 347 (Fla.1986).