956 So.2d 1206 (2007)
Earl HADNOT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2220.
District Court of Appeal of Florida, Fifth District.
May 18, 2007.
*1207 James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Earl Hadnot appeals his conviction of resisting an officer without violence, in violation of section 843.02, Florida Statutes (2004). The State originally charged Mr. Hadnot with resisting an officer with violence. The jury found Mr. Hadnot guilty of the lesser included offense of resisting an officer without violence. On appeal, Mr. Hadnot contends that the trial court erred in instructing the jury on the permissive lesser included offense of resisting arrest without violence, and that the standard instruction given on that offense was erroneous. The State responds that the trial court properly instructed the jury on this offense because it was supported by the evidence in the case and that under the facts of this case, the instruction was not misleading. Finding no merit to Mr. Hadnot's claims, we affirm his conviction for resisting an officer without violence.
A trial court has wide discretion in instructing the jury, and the court's decision regarding the charge to the jury is reviewed with a presumption of correctness on appeal. Carpenter v. State, 785 So.2d 1182, 1199-1200 (Fla.2001); see James v. State, 695 So.2d 1229, 1236 (Fla. *1208 1997); Kearse v. State, 662 So.2d 677, 682 (Fla.1995). However, when requested, an instruction on a permissive, lesser-included offense must be given when the information alleges all the elements of the included offense and the evidence at trial supports the instruction. Stuckey v. State, 907 So.2d 1208, 1210 (Fla. 5th DCA 2005); see State v. Weller, 590 So.2d 923, 926 (Fla.1991); Epps v. State, 728 So.2d 761, 762 (Fla. 2d DCA 1999). Here, because the information and the evidence support the charge of resisting an officer without violence, we find no error in the trial court's decision to instruct the jury on the permissive lesser offense.
We also find that the trial court's instruction on the permissive lesser offense of resisting an officer without violence was not erroneous. Mr. Hadnot contends that the resisting an officer without violence instruction given to the jury effectively removed an essential element of the offense from the jury because it failed to require the State to prove that he knew the person he was resisting was a law enforcement officer. Mr. Hadnot is correct that knowledge that the person being obstructed or resisted was a law enforcement officer is an essential element of the crime. See Harris v. State, 935 So.2d 1259 (Fla. 5th DCA 2006); Cooper v. State, 742 So.2d 855 (Fla. 1st DCA 1999). However, in this case, Mr. Hadnot did not object to the form of the jury instructions that were given. "A party's failure to object in the trial court precludes appellate review of an erroneous jury instruction unless the error is deemed fundamental." Miller v. State, 828 So.2d 445, 447 (Fla. 4th DCA 2002); see Jordan v. State, 707 So.2d 816, 817 (Fla. 5th DCA 1998) (finding that court can decline to review jury instruction issue because defense counsel did not object at trial), approved on other grounds, 720 So.2d 1077 (Fla.1998). Absent a timely objection at trial, an issue concerning jury instructions can be raised on appeal only if fundamental error occurred. State v. Delva, 575 So.2d 643 (Fla.1991); Castor v. State, 365 So.2d 701 (Fla.1978); see Miller v. State, 828 So.2d 445, 447 (Fla. 4th DCA 2002); see also § 924.051(3), Fla. Stat. (2004) (stating that an appeal may not be taken from a judgment unless a prejudicial error is alleged and has been properly preserved or constitutes fundamental error).
Mr. Hadnot maintains that he is entitled to a new trial since the failure to give a complete or accurate jury instruction constitutes fundamental error. While Mr. Hadnot's general statement of the law is correct, the supreme court and this Court have stressed that fundamental error will result only where the issue to which an erroneous jury instruction is directed is in dispute at trial. See Reed v. State, 837 So.2d 366, 369 (Fla.2002) (holding that improper jury instruction rises to level of fundamental error only when it both relates to an element of the crime and that element is in dispute); King v. State, 800 So.2d 734, 737 (Fla. 5th DCA 2001) (reiterating that fundamental error only occurs when the court fails to instruct on an element of the crime that was disputed at trial). Here, Mr. Hadnot's knowledge that the person attempting to detain him was a law enforcement officer was not placed in material dispute. Mr. Hadnot did not question or present any type of argument regarding this defense.[1] The record clearly shows that the man Mr. Hadnot resisted was dressed in full police uniform with a badge and a gun. His knowledge of the person's status as a law enforcement officer *1209 was not at issue.[2] Having lodged no objection to an instruction relating to an element of the offense that was not in material dispute, Mr. Hadnot cannot demonstrate fundamental error.
AFFIRMED.
PLEUS, C.J. and EVANDER, J., concur.
NOTES
[1] At trial, Mr. Hadnot's defense essentially was that the State failed to prove its case since the two officers' testimonies were inconsistent.
[2] For this reason, Mr. Hadnot's reliance on Harris v. State, 935 So.2d 1259 (Fla. 5th DCA 2006) (concluding that failure to instruct jury on knowledge element of defendant's conviction for resisting an officer without violence required reversal where defendant's primary defense at trial was that he was unaware that the men who struggled with him were police officers), is misplaced.